8806

JOHNSON v. ROAD & HIGHWAY COMMISSION FOR MARION COUNTY.

(81 S. E. 502.)

HIGHWAYS. EMINENT DOMAIN. CONDEMNATION. POWERS OF COMMISSION. INJUNCTION. ISSUES. STATUTES. SUBJECT AND TITLE.

1. Under Laws 1910, p. 948, sec. 7, empowering the Commission, provided for improving roads of Marion county, to condemn, "provided, that where lands are condemned, the damage shall be fixed as now provided by law," the damages are to be fixed by the county board as theretofore.

2. Whether the commission for improving roads in Marion county is proceeding to build a new road or relocate an old road is immaterial; Laws 1910, p. 948, secs. 5, 7, empowering it to do both.

3. The action being merely to enjoin the commission of Marion county
from opening a new road, the purpose or right of the commission to
abandon part of an old road is not before the Court.

4. The act (Acts 1910, p. 945), entitled "An act to authorize the county
of Marion to issue bonds for permanent road and highway improve-
ments, and to provide for the expenditure of the same," providing
for improvement of public highways in the county, has but a single
purpose, sufficiently set forth in the title within Const., art. 3, sec. 17.

Before SPAIN, J., Marion, September, 1913.    Reversed.

Action by Loulie V. Johnson against Road and Highway
Commission for Marion county.    From an order dissolving
a temporary injunction, plaintiff appeals.

*Mr. James W. Johnson,* for the appellant, cites: *The
statute* (26 Stats. 945) *is to be strictly construed:* 26 Am.
& Eng. Enc. L. 665; 73 S. C. 89; 1 Bay 356; 139 Ill. 46; 32
Am. St. Rep. 179, and note.    *How damages are to be fixed
or assessed:* 1 Code of Laws 1933.    *Relocation of road:* 37
Cyc. 175; 189 Mass. 308; 19 Am. & Eng. 515.    *Jurisdiction
of Judge at chambers:* 54 S. C. 487; 62 S. C. 196; 63 S. C.
348; 67 S. C. 84; 69 S. C. 156; 77 S. C. 81.    *The allega-
tions of complaint only to be considered:* 68 S. C. 332; 59
S. C. 256; 80 S. C. 434.    *New roads:* 60 S. C. 78; 1 Rich.
L. 335; 11 Rich. L. 485.    *Title and subject matter of act:*
75 S. C. 560; 80 S. C. 127; 68 S. C. 148; 91 S. C. 454; 91
S. C. 447.

*Messrs. W. F. Stackhouse* and *L. D. Lide,* for respondent,
cite: *Relocating a road:* 4 McC. 5; 2 Bail. 314; 1 Rich L.
335, 485; 57 S. C. 166; 60 S. C. 78; 37 Cyc. 157.    *Juris-
diction at chambers:* 88 S. C. 118; 87 S. C. 566; 67 S. C.
84; 93 S. C. 533; 94 S. C. 199.    *Remedy to fix damages:*
1 Code of Laws 1933.    *Title and subject matter of act:*
62 S. C. 281.

April 21, 1913.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

In 1910 the legislature passed an act to provide for the improvement of public roads in Marion county. It provided for issuing bonds and a commission to carry out the work. In planning for the execution of their work, the commission determined to cut off an angle between two roads leading into the city of Marion, and thus shorten the distance between the city of Marion and the outlying sections of Wahee township. This cut-off ran through a field of the appellant. To this appellant objected and filed this action for injunction. The following is the complaint duly verified:

"The complaint of the above named plaintiff respectfully shows to the Court:

"I. That plaintiff is the owner of about 100 acres of valuable arable land, situate in Wahee township, in the county and State aforesaid, and pays taxes thereon; that said lands are free of stumps, in a high state of cultivation, and have a splendid crop of cotton and corn growing thereon. For a more particular description, see plat of same made by J. M. Johnson, hereto attached, marked 'exhibit A,' the land in question lying between the points marked in red ink on said A, B, C, and D.

"II. That on the 30th day of August, 1913, a notice of which the following is a copy, was served on plaintiff: 'Notice of Condemnation. State of South Carolina, Marion county, *in re* Road and Highway Commission for Marion county, S. C., against Mrs. L. V. Johnson. Whereas, the Road and Highway Commission for Marion county met at the office of L. D. Lide, Esq., on the 18th day of August, 1913, at which meeting Commissioners Montgomery, Smith, Stackhouse, Baker and Johnson were present, and Commissioner Baker offered the following resolution; and whereas, it is the judgment of this commission that the connection

between the roads leading from Wahee Neck to the Mars-
bluff Ferry road be relocated and straightened, *i. e.,* so that
the alignment of the stretch of road from D. McIntyre's
place be preserved, and projected until such alignment strikes
the Marsbluff Ferry road near the west end of the Cat Fish
causeway; such relocation being for the material interest of
the traveling public; and whereas, for the purpose of relo-
cating such road it is deemed necessary to acquire right of
way over a portion of the lands of Mrs. L. V. Johnson; and
it is also deemed necessary that the same be acquired by con-
demnation: Be it resolved, that the necessary legal steps be
taken to condemn and establish such right of way, and that
compensation and damages therefor be assessed; and the
said right of way, be surveyed and located by J. R. Pennell,
resident engineer for the said highway commission, at the
time of the assessment of the said compensation and dam-
ages.    The motion to adopt the said resolution being sec-
onded by Commissioner Montgomery, the same was unani-
mously adopted.    You will therefore take notice that a right
of way, as aforesaid, is required over your land for the pur-
pose of relocating the road as aforesaid, and that compensa-
tion and damages therefor will be assessed on the premises
on 10th day of September, 1913, at 10 o'clock a. m., and that
said right of way will be surveyed and located by J. R. Pen-
nell, resident engineer, at the time of the assessment of the
said compensation and damages; and that the said commis-
sioners will then and there view the said premises, and hear
all testimony desired to be offered with reference thereto.
J. M. Johnson, chairman.    L. D. Lide, clerk.    Dated at
Marion, S. C., August 30th, 1913.'

"III. Plaintiff shows further to the Court that the road
which defendant proposes to lay out and open will be a new
road entirely; that it starts at a point on said map marked
with the letter E in red ink, and extends thence a straight
line to a point designated by the letter F in red ink; the pro-

posed location of the road being marked by a red line on said map.

"IV. Plaintiff shows further to the Court that there is already a splendid road, which has just been put in first-class repair by defendant, at considerable cost to the county, from the point designated by the letter F, to the point designated by the letter B, on said map, a distance of 475 yards, and plaintiff is informed by the chairman of said commission that said commission proposes to thoroughly repair the road between the points designated as E and B, a distance of 425 yards, thus making a first-class road. That the distance between the points designated E and F, is 700 yards, and the lands through which it will go are not as suitable for road building as the place where the road is now located.

"V. Plaintiff shows further to the Court that defendant proposes to run a road diagonally through her field as shown on said map, thus cutting her lands up into short rows of irregular length, and almost ruining its value; that in addition it will greatly interfere with her ditching, and destroy her crops, and will entail heavy and continuous expense on the county, all for no purpose whatsoever except to shorten the road 200 yards.

"VI. Plaintiff shows further to the Court that if defendant is permitted to carry into execution its purposes as outlined in said notice, she will suffer great and irreparable injury and damage; that she is advised that she has no adequate remedy at law, and hence she appeals to this Court for protection.

"VII. Defendant's purpose is not to relocate a road or roads, but that its purpose is to lay out and construct a new road over her lands, and to condemn her lands for this purpose, and she is advised, and so alleges, that defendant has no power to do this, and is acting outside of the law in its endeavor to do so.

"Wherefore, plaintiff prays: (1) That defendant, its agents, officers, servants, and employees be enjoined from

proceeding further in this matter; (2) for such other and further relief as she may be entitled to; (3) that she may have judgment for her costs and disbursements."

(Verified.)

Judge Spain granted a temporary order of injunction, but, on motion of the defendant, dissolved it. From the order dissolving the injunction, the plaintiff appealed upon twelve exceptions, but makes a shorter statement in his argument, and the shorter statement will be considered.

I. "As the statute in question undertakes to confer on the Road and Highway Commission for Marion county the power to exercise the right of eminent domain, it must be construed strictly, and, unless both the letter and the spirit of the statute clearly confer the claimed power, it cannot be exercised." The act does give the power to acquire land by condemnation, but it says, "provided, that when lands are condemned, the damage shall be fixed as now provided by law." The method of fixing the compensation then provided by law was in the county board, and not in the commission, and the commission have no right to assess the compensation. This exception is sustained.

II. "The proviso to section 7 of the act in question does not authorize the defendant in this case to condemn and fix the damage, but leaves this power where it has always been, with the county board of commissioners." This exception is sustained.

III. "But if defendant has the right to condemn plaintiff's property, it can do so for but one purpose, and that is for the purpose of relocating a road."

IV. "That in order to relocate a road there must be a change or abandonment of a material part of the old road; that there being no change of the old road in this case, the proposed road is a new road, and the defendant has no power to condemn for the purpose of laying out a new road."

V. "The complaint having alleged that defendant was endeavoring to condemn plaintiff's land for the purpose of constructing a new road, and the defendant having denied this, an issue was then raised which the Judge could not decide at chambers." While section 7 provides for relocation, section 5 provides for "constructing new public roads." It is immaterial whether the road is called a new road or a relocation of an old road. They had the right to do either. These exceptions are overruled.

VI. "The motion in this case was in the nature of a demurrer, and the rules applicable to demurrers prevail. One of these rules is that the allegations of the complaint are taken as true. Another is that, in passing upon a demurrer, the allegations of the complaint alone are considered; that an exhibit to the complaint cannot be considered." Inasmuch as the plaintiff alleged that the defendant was about to exercise an unauthorized act, and the affidavits in reply did not deny it, this question does not legitimately arise.

VII. "But the exhibit shows that the proposed road will be a new road. It starts on the Wahee Neck road and ends on the Marsbluff Ferry road, and no part of any old road, according to the allegations of the complaint, will be changed." This point has already been disposed of.

VIII. "But, if it is the intention of the defendant to abandon the road from E to B, and thus permit the same to be closed up by the owners of adjacent lands, that defendant will be guilty of abuse of discretion, as it will force the public to travel 1,175 yards up and down hills where they now travel 425 yards over a ridge road, to say nothing of the cost of same." This action is for opening a new road, and not for the abandonment of the old road. The purpose of the commission to abandon a part of a road, or their right to do so, is not before the Court in this proceeding. The point cannot be sustained.

IX. "The act in question is unconstitutional, because it is in violation of section 17 of article III of our State Constitution." This point cannot be sustained. The act provides for the improvement of public highways in Marion county. There is one purpose, and it is sufficiently set forth in the title.

The judgment of this Court is, that the order appealed from be reversed and the injunction continued until the commissioners acquire the land in the method provided by law in like cases, or until the hearing of the cause on the merits.

MR. JUSTICE HYDRICK, *dissenting.* If it be conceded that the commission had no power to fix the compensation for the right of way, the record shows that the injunction was not asked for on that ground. No such objection to the proposed action of the commission was taken before the Circuit Judge, and therefore that ground of objection is not properly before this Court. If the complaint is carefully read, it will be seen that it is there alleged that the proposed change of the road was not the relocation of an existing road, but the opening of an entirely new road, and the injunction was asked for, on the ground, among others, that the commission was not authorized to do more than relocate existing roads. It is nowhere alleged that the commission itself would undertake to assess the compensation, and that it has no power to do so. Paragraph 7 of the complaint is the only one which refers to the matter of condemnation, and it is there alleged that the commission do not propose to relocate a road, but to open a new road on plaintiff's land, and to condemn her land for that purpose, and that "it has no power to do this." Do what? Construing the last part of the paragraph in connection with the first, it is clear that the pleader meant to allege that the commission had no power to *condemn* plaintiff's land for the purpose of opening a new road. The order of the Circuit Judge also shows

that the objection that the commission had no power to assess the compensation was not made before him, for he does not allude to that matter at all, in disposing of the motion. He says: "This act provides, *inter alia:* 'For the purpose of relocating any road, and when deemed necessary, the commission is hereby empowered to acquire by grant, purchase or condemnation, all necessary land: *Provided,* That where lands are condemned the damage shall be fixed as now provided by law in like cases.' From an examination of the complaint and the exhibit thereto, I am of the opinion that the work proposed to be done by the defendant is the relocation of a highway, which is within the powers granted it by the above mentioned act. I do not think I would be warranted in further enjoining the defendant from proceeding under this act. I think the plaintiff has an adequate remedy at law under the condemnation proceedings contemplated by this act for such damage as she may sustain."

This Court has frequently held that points not presented to or decided by the Circuit Court will not be considered by this Court. Parties should not be allowed to shift their grounds or to take positions here not taken on Circuit. It is not fair to the Circuit Judge or to the opposing party. If this point had been made below, the commission might have obviated any controversy on that ground by having the county commissioners assess the compensation.

I think, therefore, the order should be affirmed.

MR. JUSTICE GAGE did not sit in this case.