12777

ALLEY v. DANIEL *ET AL.*

(150 S. E., 691)

*Messrs. H. K. Osborne,* and *T. B. Butler, Jr.,* for petitioner.

*Messrs. Albert E. Hill,* and *C. Erskine Daniel,* for respondents,

December 6, 1929.

The opinion of the Court was delivered by Mr. Justice Stabler.

At its 1929 session, the Legislature passed an Act (36 St. at Large, page 992), the title of which reads as follows: "An Act to Create and Establish a Sewer District in Spartanburg County to be known as 'Spartanburg Metropolitan District,' and to Define its Powers and Authority, and to Provided for the Government Thereof, and for the Issuance of Bonds to Provide Funds for Constructing and Establishing a System or Systems of Sewer and Sewerage Disposal for the Protection of Health in said District and the Establishment and Maintenance of Proper Sanitary Conditions Therein."

After creating the district and fixing its boundaries, the Act provides for a governing body called a "Commission," and confers upon such body, for the accomplishment of the purposes of the law, power and authority to construct and operate two adequate main trunk lines in the district with sewerage disposal or treatment plants and to make contracts for the purpose of connecting existing sewers therewith, and to issue and sell bonds to an amount not exceeding $1,000,-000.00, upon the favorable result of an election to be held as provided by the Act, etc. The Statute also provides (and here the objection made by petitioner arises) that the City

of Spartanburg, which lies within the boundaries of the district, is created as subdistrict A and required to connect its sewer system with the main trunk lines to be constructed by the commission; and the commission is further authorized and empowered to designate any community in the district, other than the City of Spartanburg, and having a sewer system now in existence, as a subdistrict, and to identify it alphabetically. The Act also provides for the future creation of subdistricts within the district named, for the installation therein of lateral lines or sewer systems to be connected with the main trunk lines as future necessity may arise, such subdistricts being empowered, as corporate entities, to issue bonds or certificates of indebtedness, in the manner prescribed by the Act, for any amount necessary for the construction and installation of such lateral lines. The government of these subdistricts is provided for, as well as the levy of a tax to retire the bonds issued, etc.

This action was brought, in the original jurisdiction of the Court, by a citizen and taxpayer of the Spartanburg Metropolitan District, on behalf of himself and other taxpayers thereof, for the purpose of having enjoined the issue and sale of bonds of the district authorized by the Act. On the verified petition, Hon. R. C. Watts, Chief Justice, issued a rule requiring the defendants to show cause before this Court, at the time named in the order, why the petitioner's prayer should not be granted. The defendants demurred to the petition, upon the ground that it does not state facts sufficient to constitute a cause of action.

The single objection made is that the Act is violative of Section 17 of Article 3 of the Constitution, which provides: "Every Act or Resolution having the force of law shall relate to but one subject, and that shall be expressed in the title." The petitioner concedes that so much of the Act as creates the district, with a proper governing body, etc., is coherent, complete, and logical, and meets the purposes and objects expressed in the title, and that had the legislation

stopped at that point, there would be no doubt of the validity of the enactment; but contends that when the Legislature provided for the future creation of subdistricts as corporate entities, with a method of government, the issuance of bonds by same, etc., the Act was thereby rendered unconstitutional and invalid, for the reason that such provisions lie altogether without the scope of the title.

With regard to this provision of the Constitution, we find the following quoted with approval in *McKiever v. City of Sumter,* 137 S. C., 266, 135 S. E., 60, 63:

26 Am. & Eng. Ency. of Law (2d Ed.), 574: "This constitutional requirement should not be enforced in any narrow or technical spirit. It was introduced to prevent certain abuses, and it should be reasonably and liberally construed on the one hand so as to guard against these abuses, and on the other hand so as not to embarrass or obstruct needed legislation. The Statute should be upheld, if possible, doubtful cases being resolved in its favor, and, to justify the Court in declaring it in violation of the constitutional inhibition, the objection must be serious and the conflict between the Statute and the Constitution plain and unmistakable."

36 Cyc., 1018: "The restriction requiring the subject of an Act to be expressed in its title should be reasonably construed, considering substance rather than form, to require the expression in the title of the general object but not the details or incidents, or means of effecting the object should and to include the subject and not the purpose of the Act and the reasons which brought about the enactment of it by the Legislature."

25 R. C. L., 838: "The objection should be grave, and the conflict between the Statute and the Constitution palpable, before the judiciary should disregard a legislative enactment upon the ground that it embraces more than one subject, or object, or, if it embraces but one subject or object, that it is not sufficiently expressed by the title. Where, after having applied the general principles governing the construction of

constitutional provisions, a Court is still in doubt as to the constitutionality of an Act, it should sustain the same."

In *Lillard v. Melton,* 103 S. C., 10, 87 S. E., 421, 423, the controlling principle is thus stated: "When the general subject is expressed in the title, any details of legislation which provide the means, methods, or instrumentalities which are intended to facilitate the accomplishment of the general purpose, and are germane to it, may be embraced in the body of the Act without violating this provision of the Constitution. *State v. O'Day,* 74 S. C., 449, 54 S. E., 607; *Aycock-Little Co. v. Railway,* 76 S. C., 331, 57 S. E., 27; *Johnson v. Commissioners,* 97 S. C., 212, 81 S. E., 502."

See, also, *Verner v. Muller,* 89 S. C., 117, 71 S. E., 654; *Riley v. Union Station Company,* 71 S. C., 457, 51 S. E., 485, 110 Am. St. Rep., 579; *Brownlee v. Brock,* 107 S. C., 230, 92 S. E., 477; *Briggs v. Greenville County,* 137 S. C., 288, 135 S. E., 153; *Scott v. Brookland,* 139 S. C., 321, 138 S. E., 32; *Fleming v. Royall,* 145 S. C., 438, 143 S. E., 162; *Means v. Highway Department,* 146 S. C., 19, 143 S. E., 360.

The general subject of the legislation in question, as expressed in the title, is the creation of a sewer district in Spartanburg County to be known as the "Spartanburg Metropolitan District," with the purpose of protecting health through the establishment of a system or systems of sewer and sewerage disposal and the maintenance of proper sanitary conditions therein. We think that the provisions of the Act relating to the creation in the Metropolitan District of subdistricts with lateral lines or sewer systems to be connected with the main trunk lines, their government, method of financing, etc., are but details of legislation providing appropriate means for the accomplishment of this general purpose and are germane to it; and that the title of the Act is sufficiently broad to include these provisions. Certainly, applying the general principles of construction already stated, we can reach no other conclusion than that the petitioner has

failed to support the burden thrown upon him of showing the unconstitutionality of the Act.

The South Carolina case most nearly parallel to the present case is *Connor v. Railway Company,* 23 S. C., 427, which involved an Act entitled: "An Act to incorporate the Green Pond, Walterboro and Branchville Railway Company." Act December 23, 1882 (18 St. at Large, page 168). The Statute provided that upon a favorable decision by the voters of Colleton County in an election held at the time and in the manner prescribed therein, that county might subscribe $60,000.00 to the capital stock of the corporation and issue bonds to provide funds therefor. Although the title contained no reference to Colleton County, or an election, or issuance of bonds, this Court held the Act to be constitutional, saying that "the subject which all the while engages the attention of the Legislature is the railway," and that the provision that the county might subscribe to the capital stock, under certain prescribed conditions, was an appropriate means for the construction of the road. We think that the present case is a stronger one for the respondents.

The judgment of this Court is that the injunction be denied and the petition dismissed.

And it is so ordered.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.