13399

FREEMAN v. HOLLIDAY

(164 S. E., 20)

*Messrs. Samuel Want* and *Melvin Hyman,* for appellant.

*Messrs. M. A. Wright* and *E. J. Sherwood,* for respondent.

May 3, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

Under the authority of an Act passed in 1920 (36 St. at Large, p. 199), this action was brought by the plaintiff, as receiver of the Bank of Aynor, a closed banking institution, for the purpose of collecting from the defendant his statutory liability as a stockholder. It is alleged in the complaint that the defendant, at the time the bank suspended business,

was the owner of 395 shares of its stock of the par value of $25.00 each, and that he was liable therefor to the plaintiff, as receiver, in the sum of $9,800.00, which amount he had failed and refused to pay. The appeal is from an order of his Honor, Judge Mann, overruling defendant's demurrer to the complaint and directing "that the cause proceed to judgment."

The appellant submits, as the main question presented for our consideration, that the Circuit Judge committed error in refusing to hold that Section 6 of the Act violates Section 17 of Article 3 of the Constitution, "in that (a) the Act incorporating said section contains more than one subject and that (b) the title of the said Act does not express or refer to the subject matter of Section 6 thereof."

The title of the Act in question reads as follows: "An Act to Provide the Manner in Which Receivers of Closed Banks are to be Chosen, to Further Extend Their Powers, to Prescribe Their Remuneration and the Remuneration of their Attorneys Therefor, and to Require Annual Audits Thereof."

Section 6 provides: "That any receiver appointed to liquidate the assets of any closed State bank shall, under the authority of this Act, when it is necessary to collect the liability of stockholders, have full power and authority to demand of such stockholders the statutory liability, provided for in Section 3998, Code of Laws of South Carolina, 1922, and upon failure of any stockholder to pay into his hands such liability, he is hereby invested with full power and authority to bring suit, either individually or collectively, against such stockholder, or stockholders, for the collection of such liability, and all funds received from said assessment by payment with or without suit shall be kept as a separate fund to be paid to the depositors solely. Said receiver shall receive as compensation for the collection of the stockholders' liability, two and one-half (2½) per cent and in case same is placed in the hands of the attorney for collection by suit, or otherwise, an additional five per cent may

be paid to the attorney for his services, or so much as the Court may decide the attorney is entitled to."

This Court has had occasion several times recently to construe Section 17 of Article 3 of the Constitution, which provides that "every Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title," and we do not deem it necessary to repeat here the rules of construction laid down in these several decided cases. See *Alley v. Daniel*, 153 S. C., 217, 150 S. E., 691; *Becknell v. Waters*, 156 S. C., 77, 152 S. E., 816.

As stated, however, in 26 Am. & Eng. Ency. of Law (2d Ed.), 574: "This constitutional requirement should not be enforced in any narrow or technical spirit. It was introduced to prevent certain abuses, and it should be reasonably and liberally construed on the one hand so as to guard against these abuses, and on the other hand so as not to embarrass or obstruct needed legislation. The statute should be upheld, if possible, doubtful cases being resolved in its favor, and, to justify the Court in declaring it in violation of the constitutional inhibition, the objection must be serious and the conflict between the statute and the Constitution plain and unmistakable."

The contention of appellant that the Act before us relates to more than one subject is, we think, without substantial merit. The general purpose of the Act, as has been held by this Court, is to provide, through enlargement of the powers of receivers, etc., "an efficient method of liquidating defunct banks for the best interest of depositors and creditors." *Branchville Motor Co. v. Adden*, 158 S. C., 90, 155 S. E., 277, 280. The details of legislation which provide the means and methods by which this general purpose is sought to be accomplished are set out and contained in the several sections of the Act, including Section 6.

Nor do we find substantial merit in the contention that the title of the Act does not express or refer to the subject-matter of Section 6. That section con-

fers upon a receiver the power to bring suit against stockholders for the collection of their statutory liability, a right given to a receiver where none existed before. We think the title of the Act is sufficiently broad to cover and include the provisions of this section. The language of the title "to Further Extend Their [receivers'] Powers," which refers to the additional powers conferred by Section 6, would seem to be sufficiently adequate to put one reading the title on inquiry as to the nature and extent of the enlargement of the powers referred to. After careful consideration of the question, we are constrained to hold that the appellant has failed to support the burden thrown upon him of showing the unconstitutionality of Section 6 of the Act beyond a reasonable doubt.

The respondent concedes that the order of Judge Mann may be construed as allowing the defendant to plead over by way of answer. We think the order may be given such construction. In any event, the defendant is allowed to so plead.

The judgment of this Court is that the order appealed from be affirmed, and that the case be remanded to the Circuit Court, with leave to the defendant to file and serve his answer to the complaint within twenty days after the filing of the remittitur herein with the Clerk of Court for Horry County.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.