16115

McCOLLUM v. SNIPES *ET AL.*
(49 S. E. (2d) 12)

256

*Messrs. Charles E. Hamilton, Jr.,* of Gastonia, N. C., and *Felix L. Finley, Jr.,* of Pickens, S. C., for Appellant,

*Mr. Julien D. Wyatt,* of Pickens, for *P. S. McCollum,* Administrator.

*Messrs. Lionel E. Wooten* and *Culbertson & Brown,* of Greenville, for Respondents,

*Mr. W. E. Findley,* of Pickens, for Respondents.

July 30, 1948.

BAKER, C.J.: This action was instituted by the administrator of the estate of Ethel Martin, late of Clemson, Pickens County, who died on May 29, 1945, unmarried and intestate, to determine the distributees of the personal estate, and to further determine the share to which each such person is entitled, he having in hand or possession the proceeds of the sale of the personal property of the estate.

At the time of her death, Ethel Martin owned certain real property, and in a separate case entitled *Jay Dunn et al. v. Eula F. Hall et al.,* this real property was ordered by the lower Court to be sold, and the proceeds of the sale withheld pending the further direction of the Court. It is stipulated by all parties in interest that the final judgment in the case on appeal shall also constitute the judgment in the case brought by Jay Dunn and others, so that it will not be necessary to refer to the *Dunn case* hereafter in the composition of this opinion.

The said Ethel Martin died without leaving a father, mother, brother or sister, or any lineal ancestor or descendant, but being survived by one maternal uncle of the whole blood, W. P. Snipes (sole appellant), and numerous first cousins, all children of nine predeceased paternal and maternal uncles and aunts of the whole blood. There are no relatives of the half blood.

"An Act to Amend Subdivision (6) Of Section 8906, Volume 4, Code of Laws 1942, as amended by Act May 14, 1945, No. 194 of the Acts of the South Carolina General Assembly for the year 1945, 44 St. at Large, p. 313, effective before the date of the death of the intestate.

The distribution of the estate is governed by Section 8906, Volume 4, Code of Laws 1942, as amended by Act May 14, 1945, No. 194 of the Acts of the South Carolina General Assembly for the year 1945, 44 St. at Large, p. 313, effective before the date of the death of the intestate.

The title of the amendatory Act reads:

"An Act to Amend Subdivision (6) of Section 8906, Code Of Laws Of South Carolina, 1942, Relating To The Distribution Of Intestate Estates, So As To Further Provide For The Distribution of Such Estates."

And the said subsection as amended is as follows:

"(6) If the intestate shall leave no child or other lineal descendant, father, mother, brother or sister of the whole blood, nor child of such brother or sister of the whole blood, nor brother or sister of the half blood, or lineal ancestor, the widow shall take the entire estate. If the intestate shall leave no widow the estate shall descend in equal parts to the uncles and aunts; the children of a deceased uncle or aunt to take among them the share to which their parent would have been entitled had said parent survived the intestate. If there be no uncle, aunt or child of a deceased uncle or aunt, then the estate shall descend to the next of kin.

"In reckoning the degrees of kindred, the computation shall begin with the intestate and be continued up to the common ancestor, and then down to the person claiming kindred inclusively, each step inclusively being reckoned as a degree."

It is the contention of the appellant that he is entitled to the estate in its entirety since prior to Act No. 194 he would have been the sole distributee, and Act No. 194 is uncon-

stitutional, being in violation of Section 17, Article 3, Constitution of South Carolina, 1895; that if the whole Act is not unconstitutional, then so much thereof as permits children of a deceased uncle or aunt to take among them the share which their respective parent would have taken had the parent survived the intestate, conflicts with the same Section of the Constitution. Further, the appellant argues that even if Act No. 194 is found to be constitutional, its proper construction in relation to Section 8906 would give the entire estate to him.

It is the position of the respondents, all first cousins of the deceased (the administrator excepted, he being neutral), that the estate should be distributed in equal parts to the ten uncles and aunts, the children of the nine deceased uncles and aunts to take among them the share to which their respective parent would have been entitled had such parent survived the intestate. This contention is based upon the provisions of Act No. 194 of 1945, previously quoted, and hereinafter referred to as Act No. 194.

The issues of law, the factual situation being without disagreement, were submitted to Judge Grimball, who after hearing oral argument, and receiving written briefs, filed his order, dated January 24, 1948, holding the Act to be constitutional and construing its provisions so as to permit the first cousins, respondents, to share per stirpes in the estate with the appellant uncle.

We concur in so much of Judge Grimball's order as holds this amending Act to be constitutional and, following this paragraph, that portion of his order on the constitutional issue, with a few changes in punctuation, is quoted, which we adopt as part of the opinion of this Court, with one exception. We do not concur in the last paragraph of the quoted excerpt insofar as Judge Grimball concludes that Act No. 194 "amended subsection 6 and nothing more", which point will be hereinafter discussed.

The following is the portion of the order appealed from pertinent to the constitutional issue decided:

"The law is well settled that the burden is on the persons claiming the Act to be unconstitutional to prove and show that it is unconstitutional *beyond a reasonable doubt*. *O'-Shields et al. v. Caldwell et al.*, 207 S. C. 194, 35 S. E. (2d) 184; *Connor v. Charleston High School District et al.*, 191 S. C. 412, 4 S. E. (2d) 431.

"It is therefore apparent to the Court that the attorneys for the surviving uncle, W. P. Snipes, have the burden of convincing the Court, *beyond a reasonable doubt,* that the Act in question is in violation of Section 17, Article 3 of the Constitution of South Carolina, and while their argument is persuasive, it is far short of convincing.

"The law is well established in this State that this section of the constitution which provides: 'No law shall embrace more than one subject which shall be expressed in title', should be liberally construed, and construed so as to uphold the Act if practicable. *McKiever v. City of Sumter,* 137 S. C. 266, 135 S. E. 60; *Freeman v. Holliday,* 165 S. C. 408, 164 S. E. 20; *Arthur v. Johnston,* 185 S. C. 324, 194 S. E. 151; *Stewart v. Woodman of the World Life Ins. Soc.,* 195 S. C. 365, 11 S. E. (2d) 449; *Crouch v. Benet,* 198 S. C. 185, 17 S. E. (2d) 320; and numerous other decisions. Const. Art. 3, 17 is complied with if title expressed a general subject and if body of act provides means, methods or instrumentalities intended to facilitate accomplishment of the general purpose. *McKiever v. City of Sumter,* 137 S. C. 266, 135 S. E. 60; Title of Act need not specifically refer to previous statutes which are to be amended to satisfy constitutional requirements that subject of statute shall be expressed in the title. *Evans v. Beattie,* 137 S. C. 496, 135 S. E. 538; Constitutional mandate is complied with if title states general subject of legislation and body provisions are germane thereto (Const. Art. 3, Section 17). When general subject of Act is expressed in title, means to facilitate accom-

plishment of purpose of Act, and germane thereto may be embraced in body (Const. Art. 3, 17). *State v. Moorer,* 152 S. C. 455, 150 S. E. 269; appeal dismissed and *certiorari* denied (1930) *Johnson v. State Highway Commission of South Carolina,* 281 U. S. 691, 50 S. Ct. 238, 74 L. Ed. 1120. General title of act is sufficient to embrace all incidents germane to general subject mentioned in title. *Witt v. Peoples State Bank of South Carolina,* 166 S. C. 1, 164 S. E. 306, 83 A. L. R. 1088. Constitutional requirements that a statute relate to but one subject will not be construed so as to defeat the legislative will merely because the language of the statute might have more clearly shown the connection between its various articles and sections. Const. Art. 3, 17. *Arthur v. Johnston,* 185 S. C. 324, 194 S. E. 151. The constitutional provision that each act or resolution having the force of law, shall relate to but one subject and that subject shall be expressed in the title, does not preclude the legislature from dealing with several branches of one general subject in a single act. (Const. Art. 3, 17) *DeLoach v. Scheper,* 188 S. C. 21, 198 S. E. 409. The constitutional requirements that a statute relate to but one subject to be expressed in its title will not be construed to defeat legislative will merely because language of the statute might have more clearly shown the connection between its various articles and sections. (Const. Art. 3, 17) *Crouch v. Benet,* 198 S. C. 185, 17 S. E. (2d) 320.

"One of the principal cases relied upon by Counsel for the surviving uncle is the case of *Stewart v. Woodman of the World Life Ins. Co.,* 195 S. C. 365, 11 S. E. (2d) 449. This case is clearly distinguishable from the case at bar. In the Woodman of the World case the title of the Act was 'to amend Section 7986 of the Code of Laws of South Carolina for 1932 by extending the application of the incontestability of life insurance policies to agreements in the policies for indemnity for disability or other coverage'. The Act was unconstitutional as relating to subject not expressed in title,

as respects its amendments of former provisions affecting time when waiver of misrepresentations becomes effective. This title set out to extend the application of such provisions to policies other than life insurance policies. The Act did this particular thing and also the period in which a policy would be incontestable was changed from where the premiums on the policy were received by the Company for a period of two years to after a period of two years from the date of such policy. The amendment set out to extend the coverage only but ended up by extending the period of time of incontestability, of course, this was not expressed in the title.

"The title to the act in question here clearly advertises that the legislature was acting to amend subsection (6) of section 8906 of the South Carolina Code of Laws for 1942, and a careful study of this amendment and the other subsections of Section 8906 leads me to the conclusion that the legislature did exactly what the title advertised and amended subsection 6 and nothing more. It is therefore my opinion after a careful study of the amendment, the other subsections of Section 8906, and all the authorities which have been brought to my attention, that the amendment in question does not run counter to Section 17 of Article 3 of the 1895 Constitution of South Carolina, and therefore the amendment in my opinion is clearly constitutional."

As before stated, we believe that the learned Circuit Judge was in error in holding that Act No. 194 "amended subsection 6 and nothing more", but this does not change the result of the order. The parties claiming the estate, an uncle and first cousins, are all collaterals, and prior to the enactment of Act No. 194 the uncle would have been classified as next of kin, and thereby would have inherited the entire estate to the exclusion of first cousins. Section 8906, after providing for the lineal ancestor makes provision for the next of kin and specified the method of computation. Under this computation the appellant is kin to the intestate in the

third degree and the first cousins, the respondents, are related in the fourth degree. Subsection (2) of Section 8906 contains this proviso, "provided, that there be no representation admitted among collaterals after brothers' and sisters' children", nieces and nephews. Under this proviso the uncle being related in the third degree would take to the exclusion of those in the fourth degree since these first cousins could not take by representation the share or shares to which their parents would have been entitled had they survived the intestate. Stating the principle in general language, prior to the adoption of Act No. 194, among collaterals, those related in the nearest degree exclude those who are more remote in kinship, excepting nieces and nephews, third degree relationship, over other third degree kin, uncles and aunts.

Subsection (6) formerly provided that the surviving widow (or husband, as the case may be), there being no child, lineal descendant or ancestor, father, mother, brother or sister of the whole or half blood, would take two-thirds of the estate, remainder to the next of kin. Now this subsection, as amended gives the widow the whole of the estate, and ·if there is no surviving widow, the uncles and aunts take the estate in equal parts, per capita; the children of a deceased uncle and aunt to take the share which the parent would have taken had he or she survived the intestate. The Act under consideration extends representation, among collaterals, beyond nieces and nephews to first cousins, or from the third to the fourth degree of kinship when the conditions and circumstances exist as in subsection (6), as amended.

The right or power of the Legislature to do this is not questioned, nor does it lie within the power of this Court to question the wisdom of the Act. The appellant does not take issue with the foregoing, but does strongly assert that the Legislature did not intend to abrogate the old principle of prohibiting collaterals taking by representation beyond nieces and nephews. This contention is based upon the his-

tory of the Act, the title of the Act and the consequences of the Act.

The Bill was first introduced in the Senate, bearing title: "To Amend Subdivision (2) and Subdivision (6) of Section 8906, Code of Laws of South Carolina, 1942, Relating to the Distribution of Intestate Estates, so as to Further Provide for the Distribution of Such Estates". Subsection two was amended by adding to the proviso "and grandchildren", thereby admitting, if passed, representation among collaterals after brothers' and sisters' children *and grandchildren.* Subsection six was written as it is now but including grandchildren of a deceased uncle or aunt. The House of Representatives struck from the title "Amended Subdivision (2) and", leaving the title as it is now. They struck from the body of the Bill all references to grandchildren, in which amendments the Senate concurred, leaving subsection (2) unaltered and subsection (6) in its present verbiage. This history, argues appellant, gives conclusive knowledge to the Court that the legislative intent was to keep the proviso in subdivision (2) absolutely intact and unchanged and to preserve in the law that prohibition denying representation among collaterals after brothers' and sisters' children. We do not agree with this conclusion. There would be merit to this position if the language of the Act was ambiguous, but it is not. The intent of the Legislature is clear and unmistakable, and this Court cannot place a different construction thereon than that expressed.

Once again we repeat that which has been said many times. "The books are so full of cases holding that the intention of the legislative body is the first rule of construction of statutes that a citation of them is wholly unnecessary. Full effect muset be given to each section, and the words must be given their plain meaning. Where there is no ambiguity, words must not be added to or taken from the statute. In this case there is no hint of an ambiguity, nor is there a use of jumbled or misunderstood words. Every

word is so plain, every sentence so complete, that the legislative intent can hardly be misunderstood. As far back as *Guery v. Kinsler,* 3 S. C. 423, the court has held that, where the terms of a statute are clear and not ambiguous, there is no room for construction, and courts must apply them according to their literal meaning". *Home Building & Loan Ass'n. v. City of Spartanburg,* 185 S. C. 313, 194 S. E. 139, 142.

The title of the Act notifies and advises there has been a change in distribution of intestate's estates through amendment of subsection (6). It is not neecssary that the body of the Act should be expressed in the title, nor that the title should be an index of the contents of the statute. *Briggs v. Greenville County,* 137 S. C. 288, 135 S. E. 153. The applicable rule to titles of Acts is succinctly stated in *O'Shields et al. v. Caldwell et al.,* 207 S. C. 194, 35 S. E. (2d) 184, 190, relied upon by appellant, but, to our minds, adverse to his position. In the *O'Shields case,* this Court stated: "The plain purpose is to prevent surprise or fraud upon the Legislature by reason of provisions in pending bills of which fair notice is not given in the title; and to apprise the people, through the publication of legislative proceedings, that the subjects embraced in the titles of pending bills are under consideration, so that they may petition or otherwise participate in the consideration of proposed laws. *The conclusion is inevitable in this case that the title properly advertised the purpose and content of the bill which upon passage and approval became an act, particularly in view of the liberal construction of this constitutional provision that has heretofore been followed".* (Emphasis added.)

The title to Act No. 194, though generally expressed, is sufficient to prevent hodge-podge or "log rolling" legislation, to prevent surprise or fraud upon the Legislature and to apprise the people of the subject of the legis-

lation. This being so, we cannot hold that the title is in conflict with the Constitution.

It should be made clear that this Court does not construe Act No. 194 to repeal outright the proviso in subsection (2) of Section 8906, but it is repealed to the extent of denying taking by representation by first cousins, with uncles or aunts who take per capita, when there is left no widow, child, lineal ancestor or descendant, father, mother, or brother or sister of the whole or half blood. The proviso contained in subsection (2) is not wholly inconsistent with Act No. 194 and continues in force except so far as it conflicts therewith.

Appellant further contends that if there is any repeal, then it is by implication which is not favored by the law. The doctrine of repeal by implication rests on the ground that the last expression of legislative will should control. This Act contains the usual repealer clause which nullifies the proviso of subsection (2) insofar as there is a conflict with the circumstances as pictured by subsection (6) as amended by Act No. 194. The function and power of a "repealer clause" is well described in 50 Am. Jur., Statutes, Section 520, page 527:

"Statutes frequently contain a provision repealing all acts and parts of acts on a designated subject, or all acts and parts of acts inconsistent or in conflict with the provisions thereof. Although a general provision in an act to the effect that all acts or parts of acts inconsistent or in conflict therewith are repealed, has been regarded as useful in preventing doubt as to the legislative intent, and as a strong implication, or an express recognition of the fact, that there may be acts or parts of acts on the same subject which are not thereby repealed, such a provision ordinarily operates only as a declaration of what would be the legal effect of the act without the provision. The provision does not permit to be engrafted on this express declaration of legislative intent an implication of more extensive repeal. Where an act, which

is not a complete law within itself covering the whole subject, contains a provision to the effect that all laws and parts of laws inconsistent or in conflict therewith are repealed, the repeal extends to conflicting statutes and provisions only; all laws and parts of laws not in conflict therewith are left in full force and effect. *A statute which is not wholly inconsistent with the new act continues in force except in so far as it conflicts therewith * * *.*" (Emphasis added.)

The Act under consideration being the last expression or legislative will on the subject, and the legislative intent being clear, it must be ruled that the Legislature amended the proviso in subsection (2) to the extent of its conflict with the amending Act, otherwise to remain in full force and effect.

Actually there is no question of repeal by implication, for as stated in 50 Am. Jur., Section 544, at page 552, "Indeed, to effect an implied repeal of one statute by another, they must both relate to the same subject, and cover the same situations, since one statute is not repugnant to another unless there is such relation". The principle is the same when we are dealing with a part of a section of a statute. In the case on appeal the subject matter is the same, but different situations.

That discrimination may result among certain classes or groups of distributees by reason of the effect of Act No. 194 is not the concern of this Court. We are only concerned with legislative policy in its constitutional sense or limitation. If there exists inequalities, discriminaton, or need of revision of any other subjection in Section 8906, *supra,* it is a subject of legislation and not judicial interference.

The order of the lower Court is affirmed in its entirety upon the constitutional questions or issues, and affirmed as to the result on the construction of the Act, the result being that the uncle or appellant will take one-tenth. (1/10)

share of the estate, per capita, the remaining nine (9) shares to be divided among the children, the respondents, of the deceased nine uncles and aunts, per stirpes.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.