## 22323

Virginia C. BLANDON, Appellant, v. Alfred B. COLEMAN, Chairman, E. Phillips Boatwright, Ted L. Coleman, Randy Mitchell, and W. Harry Mitchell, individually, and as members of Saluda County Council, Defendants, of whom Robert F. Bowles, individually, and as *de facto* Administrator of the Saluda County Nursing Home, Norman C. Smith, Chairman, F. G. Scurry, Jr., Wilbur Burnett, Warren Butler, and as members of the Saluda County Nursing Home Board of Directors, are Respondents.

(330 S. E. (2d) 298)

Supreme Court

*Jean L. Perrin,* Lexington, *for appellant.*

*L. Gray Geddie, Jr.,* Greenville, *for respondents as members of Saluda County Nursing Home Bd. of Directors, et al., etc.*

*Eugene C. Griffith* and *Thomas H. Pope*, Newberry, *for respondent Robert F. Bowles.*

Heard April 9, 1985.

Decided May 16, 1985.

LITTLEJOHN, Chief Justice:

The plaintiff-appellant, Virginia C. Blandon, instituted this action against defendants-respondents, Robert F. Bowles, the members of the Saluda County Council and the members of the Saluda County Nursing Home Board of Directors, to enforce Saluda County Ordinance 3-77 and § 8-5-10 of the South Carolina Code of Laws (1976) which prohibit nepotism in the hiring of county employees. The respondents demurred to Blandon's complaint asserting (1) that she lacked standing to sue and (2) that the complaint failed to sufficiently state a cause of action. The trial judge sustained the demurrer on both grounds. Blandon appeals; we reverse.

Blandon's complaint alleges that she is a staff licensed practical nurse at the Saluda County Nursing Home. She further alleged that Respondent Robert F. Bowles is the *de facto* administrator for the nursing home and that his wife, Ann Bowles, is now employed by the nursing home as Assistant Director of Nurses. She submits that Robert Bowles' employment as administrator is a violation of Saluda County Ordinance 3-77. It reads in pertinent part as follows:

> ... two or more members of an immediate family shall not be employed by Saluda County if such employment will result in one supervising a member of his immediate family, or where one member occupies a position which has influence over another's employment, promotion, salary administration and other related management or personnel considerations; and
>
> . . . .
>
> ... the term immediate family shall include, spouse, mother, father, sister, brother, son, daughter, mother-in-law, father-in-law, brother-in-law, sister-in-law, son-in-law, daughter-in-law, grandmother, grandfather, grandson, granddaughter, stepmother, stepfather, stepson, and stepdaughter ...

The Complaint asserts that the employment of Robert F. Bowles as administrator is a violation of the ordinance because it results in his

> ... supervising his wife in her position as a county employee and his position as administrator of the nursing home has influence over his wife's employment at the Saluda County Nursing Home, including matters of promotion, salary administration, and other related management or personnel considerations.

Standing to sue is a fundamental requirement in instituting an action. A private individual may not invoke judicial power to determine the validity of an executive or legislative act unless he can show that he has sustained, or is in immediate danger of sustaining, a direct injury as a result of that action. *Ex parte Levitt,* 302 U. S. 633, 58 S. Ct. 1, 82 L. Ed. 493 (1937). We think the trial judge erred in relying upon our case of *Culbertson v. Blatt,* 194 S. Ct. 105, 9 S. E. (2d) 218 (1940). That case held the plaintiff had failed to show a personal interest other than that shared in common by all members of the public. Here, the plaintiff has a personal interest in enforcement of the ordinance. It definitely relates to her employment. The direct and long-term influence of Bowles' employment on the plaintiff's employment is clearly distinct from any interest that the general public may have. We hold that she has standing to bring the action.

In her complaint, Blandon alleges the ordinance relied upon, the facts constituting a violation of the ordinance, her personal interest in the enforcement of the ordinance, the absence of a remedy at law, and the danger of irreparable harm. She seeks injunctive relief. She has set forth suffcient allegations to state a cause of action in equity. *State v. Yelsen Land Co.,* 257 S. C. 401, 185 S. E. (2d) 897 (1972) 42 Am. Jur. (2d), *Injunctions,* § 77 (1971). When under attack by demurrer for insufficiency of facts, a complaint must be liberally construed in favor of the pleader and sustained if the facts alleged, and inferences reasonably deducible therefrom, entitle the plaintiff to any relief on any theory of the case. *Brown v. Sandwood Development Corp.,* 273 S. C. 31, 253 S. E. (2d) 514 (1979); *Glass v. Glass,* 276 S. Ct.

625, 281 S. E. (2d) 221 (1981). The trial judge erred in sustaining the demurrer for failure to set forth a cause of action. Clearly the allegations establish a violation of Saluda County Ordinance 3-77 and a violation of § 8-5-10 South Carolina Code of Laws (1976) which provides as follows:

> It shall be unlawful for any person at the head of any department of this government to appoint to any office or position of trust or emolument under his control or management any person related or connected with him by consanguinity of affinity within the sixth degree.

We hold the trial judge erred in sustaining the demurrer based upon the allegations of the complaint before him. Accordingly, we reverse and remand the case for a determination on the merits.

Reversed and remanded.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.