22675

STATE CROP PEST COMMISSION and Boll Weevil Eradication Foundation of South Carolina, Appellants v. John A. VENTURELLA, Donnie Ray Hanks, David Whitfield, Lane McCollough, Jr., Glenn E. McGee, Ben G. Bolt, James Alewine, Wayne Brock and E. Brooks McGee, Orris Howell, Jr., and Jimmy Brock, Respondents.

(353 S. E. (2d) 288)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. C. Havird Jones, Jr.,* Columbia, *for appellants.*

*Richard E. Thompson, Jr.,* of *Lowery, Hood and Thompson,* Anderson, *for respondents.*

Heard Oct. 22, 1986.

Decided Feb. 27, 1987.

FINNEY, Justice:

This action was brought by the appellants State Crop Pest Commission and the Boll Weevil Eradication Foundation of South Carolina seeking monetary damages against the respondents for fees and penalties assessed pursuant to the South Carolina Boll Weevil Eradication Act [S. C. Code Ann. § 46-10-10 to § 46-10-130 (1976, as amended)]. We reverse.

The respondents demurred to the complaint alleging that the complaint was fatally defective because the exclusive statutory remedy available under the Boll Weevil Eradication Act is the destruction of respondents' crops and not a monetary judgment as sought in the complaint. The motions were consolidated for the purposes of a hearing. The trial court granted the demurrer holding that S. C. Code Ann. § 46-10-100, *supra,* did not give appellants the authority to bring an action at law for monetary judgment against cotton growers for failure to pay the assessed fees and cost under the Boll Weevil Eradication Act. The court stated the sole remedy provided pursuant to § 46-10-100 was the destruction of the cotton growers' crop planted on acreage subject to the assessment.

When ruling on a demurrer, the trial court is mandated to consider only the four corners of the pleadings under attack, which must be liberally construed in favor of the pleader. A demurrer should not be sustained if the facts and reasonable inferences to be drawn from the complaint entitle the pleader to relief on any theory of the case. *Blandon v. Coleman,* 285 S. C. 472, 330 S. E. (2d) 298 (1985); *Glass v. Glass,* 276 S. C. 625, 281 S. E. (2d) 221, (1981). This Court has also expressed its irreverence to the use of a demurrer because it is a poor and antiquated method of fairly and succinctly presenting the issues to the court.[1] *Preston H. Haskell Co. v. Morgan,* 274 S. C. 261, 262 S. E. (2d) 737 (1980).

The complaint in this case alleges that § 46-10-130 authorized the appellants to levy an annual assessment on commercial cotton producers in South Carolina and to collect an assessment. It is our view the allegations are sufficient to withstand a motion for demurrer. We do not by this opinion

---

[1] Rule 7(c) of the South Carolina Rules of Civil Procedure has abolished the demurrer.

intimate any view as to the ultimate viability of the appellants' claim.

We reverse the trial court and overrule the demurrer.

Reversed.

NESS, C. J., CHANDLER, J., and BRUCE LITTLEJOHN, Acting J., concur.

GREGORY and HARWELL, JJ., not participating.