663 S.E.2d 52

The SOUTH CAROLINA PUBLIC INTEREST FOUNDATION, and Edward D. Sloan, Jr., individually, and on behalf of all others similarly situated, Petitioners,

v.

Robert W. HARRELL, Jr., in his official capacity as Speaker of the S.C. House of Representatives, Andre Bauer in his official capacity as President of the S.C. Senate, and The State of South Carolina, Respondents.

No. 26506.

Supreme Court of South Carolina.

Heard March 4, 2008.
Decided June 23, 2008.

442

444

James G. Carpenter, Jennifer J. Miller and Lewis W. Clayton, all of Carpenter Law Firm, of Greenville, for Petitioner.

Bradley S. Wright and Charles F. Reid, both of Columbia, for Respondent Robert W. Harrell, Jr.

Michael R. Hitchcock and Kenneth M. Moffitt, both of Columbia, for Respondent Andre Bauer.

Attorney General Henry D. McMaster and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for Respondent State of South Carolina.

Burnet R. Maybank, III, of Nexsen Pruet, of Columbia, for Amicus Curiae SC Manufacturer's Alliance and Michelin N.A., Inc.

Weston Adams, III, Jeffrey N. Thordahl, and Ashley B. Stratton, all of McAngus Goudelock & Courie, of Columbia, for Amicus Curiae SC Economic Developers' Association.

Justice WALLER.

We accepted this matter in our original jurisdiction to address Petitioners' claim that numerous acts passed by the General Assembly in 2007 violate the one subject rule of the South Carolina Constitution, Article III, § 17. We agree.[1]

## DISCUSSION

S.C. Const., Art. III, § 17 provides that "[e]very Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title." The purpose of Article III, § 17 is (1) to apprise the members of the General Assembly of the contents of an act by reading the title, (2) prevent legislative log-rolling and (3) inform the people of the state of the matters with which the General Assembly concerns itself. *Sloan v. Wilkins*, 362 S.C. 430, 608 S.E.2d 579 (2005). *See also Keyserling v. Beasley*, 322 S.C. 83, 470 S.E.2d 100 (1996). Article III, § 17 is to be liberally construed so as to uphold an Act if practicable. Id.; *McCollum v. Snipes*, 213 S.C. 254, 49 S.E.2d 12 (1948). Doubtful or close cases are to be resolved in favor of upholding an Act's validity. *Alley v. Daniel*, 153 S.C. 217, 150 S.E. 691 (1929). Article III, § 17 does not preclude the legislature from dealing with several branches of one general subject in a single act. It is complied with if the title of an act expresses a general

---

1. We decline to address Petitioners' contention that 2007 Act Nos. 130, 136, 142, 143 and 151 constitute special laws in violation of South Carolina Constitution, Article VIII, § 7, and Article III, § 34. Petitioners lack standing to challenge those acts. *Sloan v. Sanford*, 357 S.C. 431, 593 S.E.2d 470 (2004) (as a general rule, a litigant must have a personal stake in the subject matter of the litigation to have standing); *Blandon v. Coleman*, 285 S.C. 472, 330 S.E.2d 298 (1985) (private person may not invoke the judicial power to determine the validity of executive or legislative action unless he has sustained, or is in immediate danger, of sustaining prejudice therefrom).

subject and the body provides the means to facilitate accomplishment of the general purpose. *Keyserling.* However, Article III, section 17 requires that "the topics in the body of the act [be] kindred in nature and hav[e] a legitimate and natural association with the subject of the title," and that the title conveys "reasonable notice of the subject matter to the legislature and the public." *Hercules, Inc. v. S.C. Tax Comm'n,* 274 S.C. 137, 141, 262 S.E.2d 45, 47 (1980).

### a. Act 49

The first Act challenged by Petitioners is 2007 Act No. 49, which establishes the South Carolina Critical Needs Nursing Initiative Act. The title to Act 49, as initially written, was as follows:

A BILL TO AMEND THE CODE OF LAWS OF SOUTH CAROLINA, 1976, BY ADDING CHAPTER 110 TO TITLE 59 SO AS TO ENACT THE "SOUTH CAROLINA CRITICAL NEEDS NURSING INITIATIVE ACT" INCLUDING PROVISIONS ESTABLISHING THE CRITICAL NEEDS NURSING INITIATIVE FUND, TO IMPROVE THE NUMBER OF QUALIFIED NURSES IN THIS STATE BY PROVIDING NURSING FACULTY SALARY ENHANCEMENTS, CREATING NEW FACULTY POSITIONS, PROVIDING FOR ADDITIONAL NURSING STUDENT SCHOLARSHIPS, LOANS, AND GRANTS, ESTABLISHING THE OFFICE FOR HEALTH CARE WORKFORCE RESEARCH TO ANALYZE HEALTH CARE WORKFORCE SUPPLY AND DEMAND, AND PROVIDING FOR THE USE OF SIMULATION TECHNOLOGY AND EQUIPMENT IN THE EDUCATION OF NURSES.

The bill went through three readings with minor changes until May 22, 2007, when its title was amended to add the following provisions:

TO AMEND SECTION 40–43–83, AS AMENDED, RELATING TO IN STATE FACILITIES DISPENSING DRUGS BEING REQUIRED TO BE PERMITTED BY THE BOARD OF PHARMACY AND BEING REQUIRED TO COMPLY WITH OTHER PROVISIONS, SO AS TO EXEMPT THE DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL FROM CERTAIN OF

THESE REQUIREMENTS; TO AMEND SECTION 40–43–86, AS AMENDED, RELATING TO FACILITY RE-QUIREMENTS FOR PHARMACIES, INCLUDING THE REQUIREMENT FOR A PHARMACIST IN CHARGE, SO AS TO EXEMPT THE DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL FROM CERTAIN OF THESE REQUIREMENTS; AND BY ADDING SECTION 44–1–215 SO AS TO PERMIT THE DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL TO RETAIN CERTAIN FUNDS DERIVED FROM RADIATION SAFETY REQUIREMENTS.

As a result of these amendments, sections 3 and 4 were added, exempting DHEC from certain pharmacy requirements of S.C.Code Ann. § 40–43–83, and amending § 44–2–115, to allow DHEC to retain certain funds. Respondents and the Attorney General all concede the added provisions violate Article III, § 17. We agree. The add-on provisions do not deal with the South Carolina Critical Needs Nursing Initiative Act such that they are violative of the one-subject provision.

The question remains, however, whether these provisions are severable from the remainder of Act 49, inasmuch as it contains no severability clause. Notwithstanding the lack of a severability clause, we find the surviving sections of the Critical Needs Act may stand alone.

We have previously held:

The test for severability is whether the constitutional portion of the statute remains complete in itself, wholly independent of that which is rejected, and is of such a character that it may fairly be presumed that the legislature would have passed it independent of that which conflicts with the constitution. When the residue of an Act, sans that portion found to be unconstitutional, is capable of being executed in accordance with the Legislative intent, independent of the rejected portion, the Act as a whole should not be stricken as being in violation of a Constitutional Provision.

*Sloan v. Wilkins,* 362 S.C. at 439, 608 S.E.2d at 584, *citing Joytime Distribs. & Amusement Co. v. State,* 338 S.C. 634, 649, 528 S.E.2d 647, 654 (1999). Notwithstanding the absence of a severability clause from Act 49, the legislative intent is clear, and the purposes of the Act may be complied with by

upholding the Critical Needs Nursing Initiative Act. *Accord Keyserling* (one-subject clause is complied with if the title of an act expresses a general subject and the body provides the means to facilitate accomplishment of the general purpose). Accordingly, the offending portions of Act 49 are hereby severed.

### b.  Act No. 83

■ 2007 Act No. 83 establishes the South Carolina Hydrogen Infrastructure Fund (§§ 1–4), and the Energy Freedom and Rural Development Act (§ 10).  As initially proposed, Act 83 contained only the Hydrogen Infrastructure Act. It was amended on May 2, 2007, adding §§ 5 through 8 concerning economic impact zone tax credits for qualifying investments, amusement park sales-tax exemptions, creating the Board of Trustees for the SC Research Authority, and creating the South Carolina Venture Capital Authority.[2]  Act 83 was again amended on May 30, 2007, adding §§ 9 through 18, which created the Energy Freedom and Rural Development Act (§ 10), and added tax credits for alternative fuel usage.  We find that §§ 5, 6 and 8 of Act 83 do not relate to the main purpose of the act.  Accordingly, those provisions are hereby severed.[3]

We find the remaining sections of Act 83 sufficiently related to the goals of promoting hydrogen and alternative energy as to fall within the ambit of the Act. *Accord Keyserling v. Beasley*, 322 S.C. 83, 470 S.E.2d 100 (1996) (Article III, § 17 does not preclude legislature from dealing with several branches of one general subject in a single act).

### c.  Act 110

Act 110 is the Research and Development Tax Credit Reform Act. With the exception of Sections 5 and 57, all of the

---

2.  Sections 5, 6 and 8 of Act 83 are repeated verbatim as sections 2, 3 and 4, of Act 110, which is discussed below.

3.  We note that sections 5 (economic impact zone credit), 6 (amusement park tax exemption), and 8 (Venture Capital Authority) of Act 83 were reenacted in Act 116.  Inasmuch as Act 83 has been superseded by Act 116, the issue is moot.

remaining sections of Act 110 have been superseded by Act No. 116.

Respondents concede that Section 5 of the Act was enacted in violation of the one-subject rule; accordingly, it is stricken. The only remaining section of Act 110 which was not superseded by Act 116 is section 57, which provides for methane gas tax credit. We find this section relevant to the stated title of Act 110, the Research and Development Tax Credit Reform Act such that it is not in violation of the one-subject rule.

### d.  Act 116

Act 116 was initially introduced as H3479 to amend § 12–10–80 relating to Job Development Credits. It was amended throughout the legislative process and now contains some 70 sections.

Petitioners do not point to any specific sections of Act 116 which are violative of the "one-subject rule" but contend, instead, that Act 116 relates to a total of 69 subjects. We find the majority of Act 116 is sufficiently related to the subject of raising revenue to withstand a "one-subject" challenge.

Act 116 contains the following sections:
§  1–the Jobs Tax Credit, multi-business park
§  2–the SC Venture Capital Authority
§  3–Tourism Infrastructure
§  4–Exception
§  5–Income Tax Credit
§  6–Corporate license tax
§  7–Fee in Lieu of Taxes
§  8–Jobs tax credit
§  9–Property Tax Exemption
§  10–Reassessment Postponement
§  11–Wine Tastings
§  12–Contested Hearings Open To Public
§  13–Retail facilities tax credits
§  14–Definition of "individual"
§  15–Applicability of federal provisions

§ 16–Pass through trade and business income
§ 17–Deductions from taxable income
§ 18–Jobs Tax Credit
§ 19–Jobs Tax Credit
§ 20–Jobs Tax Credit
§ 21–Historic Rehabilitation Tax Credit
§ 22–Industry Partnership Fund tax credit
§ 23–Solar Installation tax credit
§ 24–Extension for filing return
§ 25–Nonresident seller withholding
§ 26–Nonresident distributee withholding
§ 27–Overpayment of Tax withheld
§ 28–Holding company license fee
§ 29–Exemptions from business license tax
§ 30–Exemptions from sales tax
§ 31–Tax free certificate
§ 32–Credit for tax relief
§ 33–Extension for filing or paying tax
§ 34–Time limits on assessments
§ 35–Penalties for understatement of taxes
§ 36–Disclosure by the department
§ 37–Disclosure by the department
§ 38–Legislative intent
§ 39–Administrative tax process
§ 40–Tax millage increase limits
§ 41–Department determination
§ 42–Powers and duties of department
§ 43–Applicability of federal law
§ 44–Federal laws not adopted
§ 45–Jobs tax credit
§ 46–Small business tax credit
§ 47–Sales tax exemption;  construction materials
§ 48–Surety for payment of taxes
§ 49–Disclosure by the department
§ 50–Payment in readily available funds
§ 51–Estimation of tax liability

§ 52–School district reimbursement

§ 53–Tax credit certificates

§ 54–Penalty prohibited

§ 55–Allocation and apportionment of business income

§ 56–Allocation and apportionment of business income

§ 57–Conduct of business in this State

§ 58–Definition of "sales factor"

§ 59–Income from other sources

§ 60–Computation; apportionment; repeal

§ 61–Authority to invest

§ 62–Sales tax exemption; amusement park

§ 63–Economic impact zone credit

§ 64–Property tax exemption; watercraft

§ 65–Subchapter "S" bank shareholders

§ 66–Boats with situs in this State

§ 67–Special source revenue bonds

§ 68–Fund established

§ 69–Severability clause

§ 70–One subject clause

§ 71–Time effective

As is evident, the majority of these sections involve some type of revenue collection and or taxation. Many of the sections amend Title 12 of the S.C.Code, pertaining to taxation. Accordingly, to the extent the various sections of Act 116 are kindred in nature, we find the Act does not violate S.C. Const. Art. III, § 17. *Sloan v. Wilkins,* (topics in body of an act must be kindred in nature and have a legitimate and natural association).

However, there are two sections of Act 116 which we find unrelated to the subject of revenue raising. In particular, § 11 relating to Wine Tastings, and § 68 which creates the "South Carolina Renewable Energy Infrastructure Development Fund" to provide loans and grants to entities engaged in renewable energy production. We conclude these sections are violative of Article III, § 17 and hereby strike them. The remainder of Act 116 is upheld.

## CONCLUSION

Those provisions of the aforementioned acts which violate the one-subject provision of Article III, § 17, are stricken. We uphold the remaining portions of the challenged acts.

TOAL, C.J., MOORE and BEATTY, JJ., concur.

PLEICONES, J., concurring in part and dissenting in part in a separate opinion.

Justice PLEICONES.

I concur in the majority's analysis of the log-rolling problems raised by these legislative acts, but I adhere to my dissenting opinion in *Sloan v. Wilkins*, 362 S.C. 430, 608 S.E.2d 579 (2005), and would hold that the provisions of these acts that violate Art. III, § 17 are not severable. As I stated in *Sloan v. Wilkins*, severing certain provisions of an act neither prevents nor corrects log-rolling, but rather creates uncertainty and promotes arbitrary enforcement of the one-subject rule.

Accordingly, I would hold that the unconstitutional provisions of the legislative acts are not severable.