14949

MORRIS v. PEOPLES BAKING CO.

(5 S. E. (2d), 286)

July, 1939.

*Messrs. Lide & Felder* and *Louis Rosen,* for appellant,

*Messrs. Hinds & Gayle,* for respondent,

October 27, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action in tort was commenced in the Court of Common Pleas for Williamsburg County by respondent against appellant.

In due course, after service of the summons and complaint in the action (the record does not disclose where nor upon whom the summons was served, but no question is made of this), appellant served notice of motion to transfer the case from the County of Williamsburg to the County of Orangeburg on the ground that appellant (a domestic corporation) is a citizen and resident of the last-named county.

The motion was heard on affidavits by the Circuit Judge, and refused.

In behalf of appellant an affidavit of R. H. Jennings, Jr., was submitted. This affidavit was to the effect that deponent was the secretary-treasurer of appellant, a South Carolina corporation, the manufacturer of Mell-O-Krust bread and other baking products; that appellant does not now, and has never, had a place of business or offices, or maintained agents, in any other town or county except the County of Orangeburg; that in the town of Kingstree, in the County of Williamsburg, appellant employs three salesmen who reside there, but that such salesmen make all of their reports to, and transact all of the business with appellant within the City of Orangeburg; that appellant has a garage rented in

the town of Kingstree for the purpose of keeping three trucks owned by it and which are used exclusively by the three traveling· salesmen who sell and distribute its bread products; that Orangeburg County is the only place of residence of appellant.

In behalf of respondent, George B. Hammet, a policeman in Kingstree, the county seat of Williamsburg County, made an affidavit in which he set forth that he is familiar with the manner in which appellant handles the sale and distribution of its products; that appellant regularly hauls and delivers bread and other kinds of bakery products to a warehouse in the town of Kingstree by motor truck; that after said bread is deposited in the warehouse it is then placed on three smaller trucks operated by said appellant to be shipped and distributed for sale throughout and over the County of Williamsburg; that the appellant employs three men in the delivery and distribution of its products, that all three men so employed in the delivery and distribution of its products are residents of the Town of Kingstree, County of Williamsburg; that one of the trucks so used by appellant in this capacity is in charge of and driven by a Mr. Johnny Foxworth; that the truck so used by the said Johnny Foxworth has his name on the side of the said truck and the word "agent" written thereunder along with the trade-name Mell-O-Krust bread which advertises the products of appellant.

After briefly reciting the facts as disclosed by the affidavits used on the hearing, the order of the Circuit Judge continues:

"I am of the opinion that the above set forth facts support the position of the plaintiff that defendant has an agent and conducts its corporate business and, therefore, may be sued in Williamsburg County, as in this case."

There is only one question in this appeal. Did the Judge err when he held that the Court of Common Pleas for Williamsburg County had jurisdiction to try the action?

Section 422 of the Code of Civil Procedure, 1932, provides that an "action shall be tried in the county in which the defendant resides at the time of the commencement of the action." There is no specific legislation in this State upon the subject of the place of trial of actions against domestic corporations. *Bass v. American Prod. Exp. & Imp. Corp.*, 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168. However, the residence of a domestic corporation has been declared to be, and such corporation may be sued (1) in the county where its principal place of business is fixed by its charter, and (2) in any county where it has and maintains a place of business, an agent engaged in conducting and carrying on the business for which it exists. *McGrath v. Ins. Co.*, 74 S. C., 69, 54 S. E., 218; *Elms v. Power Co.*, 78 S. C., 323, 58 S. E., 809; *Dennis v. R. R. Co.*, 86 S. C., 258, 68 S. E., 465; *Patterson v. Orangeburg Fertilizer Co.*, 120 S. C., 478, 113 S. E., 318.

The Circuit Judge has found as a fact that appellant has an agent and conducts its corporate business in Williamsburg County. In a law case, this Court has no power to review such finding of fact unless wholly unsupported by evidence or manifestly influenced or controlled by error of law. *Bass v. American Prod. Exp. & Imp. Corp., supra.*

Appellant recognizes this rule of law, and in its printed brief states:

" * * * Our position is that under the evidence as stated in the Order, his Honor, the trial Judge, does not make an agency sufficient to keep the venue of this case in Williamsburg County, and that the intentions as evidenced by the acts of the defendant and declarations are not borne out by the affidavit on which his Honor, the trial Judge, made his finding. * * *."

We have given careful consideration to this position, and while the question may be close, we are unable to say that the finding of the Circuit Judge is wholly unsupported by

evidence, or manifestly influenced or controlled by error of law.

The fact that one of the sale and delivery trucks of appellant had painted or printed thereon the name of one of its salesmen as "agent," does not within itself constitute such salesman its agent, but when coupled with other facts appearing in the record such as the maintenance of a warehouse in Kingstree for the temporary storing of its products, the renting of a garage for the housing of its three trucks when not in use, and from which trucks its products are sold and delivered by its three salesmen (all of whom are residents of Kingstree), would appear to be sufficient to create a mixed question of law and fact; and as stated in appellant's brief, "it is almost impossible to get a definition of agency that would hold in every case, * * * ."

The exceptions of appellant are overruled, and the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.