15325

MILLER v. BOYLE CONST. CO. (Two Cases)

(17 S. E. (2d), 312)

*Messrs. Herbert & Dial,* of Columbia, for appellants,

*Mr. Henry Campbell Miller,* of Anderson, and *Mr. George Bell Timmerman,* of Lexington, for respondent,

November 10, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

These two cases—one for death by wrongful act, and the other under the survival statute for conscious pain and suffering—were commenced in the Court of Common Pleas for Lexington County by the service of a summons (without complaint) on the fifth day of September, 1940, on A. D. McCoy, the representative and agent of the defendant, Boyle Construction Company, at its offices in Batesburg, in said county. Mr. McCoy was the office manager of the defendant.

Before answering, the appellant served notice of a motion to change the place of trial from Lexington County to Sumter County, basing such motion upon the ground that it is a South Carolina Corporation with its principal place of business in the City of Sumter, and that it makes no contracts and carries on no business in the County of Lexington other than an occasional contract to do road or bridge work. The appellant admits that it engaged in the performance of certain work in connection with the construction of

a highway in the County of Lexington between the 29th day of February, 1940, and the fifth day of September, 1940, but since said latter date has had no agent and has done no work in said county.

The Circuit Court refused the motion to change the venue, and the appeal comes here from that order. The identical question is involved in both cases, and this opinion will be decisive as to each.

The complaint alleged, among other things, that the defendant is engaged in the business of general contractors, constructing highways, roads, and bridges throughout this State under contract with the State Highway Department, owning and operating for such purposes valuable and extensive property, road machinery, motor trucks, and other facilities in the Counties of Sumter and Lexington, South Carolina, and having and maintaining offices and agents in the Town of Batesburg, in Lexington County.

The Circuit Court, Judge Sease presiding, held: "The evidence adduced before me at the hearing clearly shows that the defendant, Boyle Construction Company, at the time of service of process upon it, and for many months prior thereto, had rented and maintained an office and an agent in the Town of Batesburg, in Lexington County, South Carolina, for the transaction of its corporate business. That the summons in each of these cases was duly served by the sheriff of Lexington County on the defendant's said agent, namely, one A. D. McCoy, who, as the evidence shows, was the manager of the said Batesburg office, and through whom and by whom the defendant transacted considerable of its corporate business from time to time, *e. g.*, with the Standard Oil Company, the Town of Batesburg, the State Highway Department, and possibly others."

And the Circuit Court found as a fact that the defendant at the commencement of the two actions in tort, and for sometime prior thereto, had and maintained a place of business in the County of Lexington as well as an agent

therein, engaged in conducting and carrying on the corporate business for which the defendant exists.

Section 422 of our Code provides that "the action shall be tried in the county in which the defendant resides at the time of the commencement of the action."

We said in *Morris v. Peoples Baking Company*, 191 S. C., 501, 5 S. E. (2d), 286, 287: "The residence of domestic corporation has been declared to be, and such corporation may be sued (1) in the county where its principal place of business is fixed by its charter, and (2) in any county where it has and maintains a place of business, or an agent engaged in conducting and carrying on the business for which it exists. *McGrath v. Insurance Company,* 74 S. C., 69, 54 S. E., 218; *Elms v. Power Company,* 78 S. C., 323, 58 S. E., 809; *Dennis v. [Atlantic, etc.] R. R. Company,* 86 S. C., 258, 68 S. E., 465; *Patterson v. Orangeburg Fertilizer Company,* 120 S. C., 478, 113 S. E., 318."

It was held in *Tucker v. Ingram,* 187 S. C., 525, 198 S. E., 25, 28: "There is no doubt of the proposition that a corporation chartered under the laws of this State, that is to say, a domestic corporation, is a resident of any County in the State where it maintains an agent and conducts its corporate business, and suit may be brought against it in any such County."

The lower Court has found as a fact that at the time of the service of the summons in these two actions the defendant had an agent, maintained an office, and conducted its corporate business in Lexington County. In a law case, this Court has no power to review such finding of fact unless wholly unsupported by evidence or manifestly influenced or controlled by error of law. *Morris v. Peoples Baking Company, supra; Bass v. American Products Export & Import Corporation,* 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168.

Upon reviewing the record before the lower Court, we think there can be no doubt that the Circuit Court was justified in finding that the defendant at the time of the service

of the summons, not only maintained a place of business at Batesburg, in Lexington County, but also had an agent located there who was engaged in conducting and carrying on its corporate business.

The appellant suggests that a distinction may be drawn for purposes of venue, between the maintenance of a permanent office at its principal place of business at Sumter, South Carolina, and the maintenance of a transitory office in Lexington County which was maintained and operated there merely for the purpose of doing temporary work on a highway construction contract. It is said that the residence of a corporation from the standpoint of venue must be sufficient to warrant the inference that the corporation has made itself a resident of the particular locality so as to make it amenable to process in the particular jurisdiction, and to have waived its substantial right of being sued only in the county where it has its principal place of business. The position is urged that this intention must be exemplified by something more than a mere isolated temporary residence within such other county.

Appellant seeks support for this argument by drawing an analogy between a domestic corporation and a foreign corporation when sued under somewhat similar circumstances. It is argued that the mere presence of a foreign corporation in some state other than that of its origin, while engaged in an isolated transaction has uniformly been held not to make such corporation amenable to process in the foreign jurisdiction. We do not think the analogy is helpful.

The subject of the amenability of a foreign corporation to the jurisdiction of our Courts was very recently discussed in the case of *Jones v. General Motors Corporation*, 197 S. C., 129, 14 S. E. (2d), 628. In that case we passed upon the question of agency, and what constituted "doing business" in the State. A reading of that decision plainly shows that the agent of a foreign corporation engaged in this State in a single corporate transaction may be served with proc-

ess, and that such process would subject the foreign corporation to the jurisdiction of the Courts of this State.

The test is not primarily the duration of the work in which the domestic corporation is engaged, or the length of residence, but rather whether the corporation has and maintains a place of business, or an agent engaged in conducting and carrying on the business for which it exists. That a domestic corporation is capable of having more than one residence is admitted, and in our opinion there was evidence sufficient to warrant the lower Court in holding that the defendant was amenable to process in this action in Lexington County.

We have thus far considered and discussed the point at issue with reference to the applicability of Section 422, 1932 Code, and in the light of the decisions hereinabove cited. We think, however, that the question raised by the appeal is also governed and controlled by the proviso in Subsection 1 of Section 434 of the Code, which reads as follows: "Provided, further, That in the case of domestic corporations service as effected under the terms of this section shall be effective and confer jurisdiction over any domestic corporation in any county where such domestic corporation shall own property and transact business regardless of whether or not such domestic corporation maintains an office or has agents in that county."

This proviso was added to Section 434 by an Act approved on April 22, 1927 (Acts 1927, page 292). It may clearly be inferred from the record which was before the lower Court, that the defendant not only maintained an office and an agent in Lexington County at the time the summons was served, but owned property and transacted business therein.

There being evidence to support the finding of the Circuit Court, that finding is conclusive. *Bass v. American Products Export & Import Corporation, supra.*

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES and MESSRS. ACTING ASSOCIATE JUSTICE L. D. LIDE and A. L. GASTON concur.