16023

HANCOCK v. SOUTHERN COTTON OIL CO.
ALLEN v. SAME

(45 S. E. (2d) 850)

*Messrs. Thomas, Cain & Black,* of Columbia, for Appellant,

*Messrs. James E. Leppard* and *Wm. P. Gulledge,* of Chesterfield, for Respondent,

*Messrs. Thomas, Cain & Black,* of Columbia, for Appellant, in reply,

December 15, 1947.

BAKER, CJ.: This appeal involves two cases in which the issue for determination is identical and it is agreed by counsel that the decision in the *Hancock case* shall control the *Allen case,* and, hence, reference hereafter is to the *Hancock case* alone.

On September 21, 1946, an action was brought against the appellant, in Chesterfield County, with the service of a summons (complaint not served) on J. Calvin Rivers of Chesterfield, later determined by the lower Court not to be an agent of appellant. Before service and filing of the complaint the appellant served notice upon the respondent that it would apply to the lower Court for an order quashing service of the summons "on the ground that the person upon whom service was effected is not an agent of the defendant, nor a person upon whom service could be made". Notice

was further given that if such motion be denied the defendant would move for a change of venue from Chesterfield County to Richland County, or, in the alternative, to Kershaw County, for the reason that appellant is a foreign corporation, without agents or places of business within the County of Chesterfield. Before the motions were heard the respondent instituted a new action by service of a summons and complaint upon the local manager of appellant at Camden, S. C., Kershaw County, but bringing the action in the Court of Common Pleas for Chesterfield County, the same County in which the first action was brought.

The respondent's cause of action is in tort for personal injury and property damage occasioned by the alleged negligent and reckless operation of a motor vehicle, owned by and in the service of the appellant, in the County of Chesterfield. Appellant's answer admits the collision, and that respondent sustained some injury and damage, but denies any allegations of negligence and recklessness, and further declares that appellant has no offices, places of business, or resident agents in the County of Chesterfield, and that Richland County or Kershaw County is the proper place of trial. This answer was filed subject to appellant's right to a change of venue.

The motion for a change of venue was heard before Honorable J. Woodrow Lewis, Resident Judge of the Fourth Judicial Circuit, at Chambers in Darlington, S. C., who, after hearing counsel and considering the affidavits filed in support of and in opposition to the motion, issued an order denying the motion and holding that the action was properly triable in Chesterfield County. In this order Judge Lewis finds "that the defendant has no resident agents in the County of Chesterfield, nor offices therein for the transaction of its corporate business", but that "This finding, however, is not conclusive of the matter, for it appears that the defendant owns property and transacts business in the County of Chesterfield and for these reasons is subject to suit in said county". The ownership by appellant of property in Ches-

terfield County is admitted; and it is also admitted that it purchases cotton seed in said County, and sells fertilizer therein.

The basis for the conclusion by the lower Court is to be found in the following quoted portion of the Order, to wit:

"A foreign corporation domesticating under the laws of this State is 'subject to the laws of the same in like manner as corporations chartered under the laws of this State,* * *' Section 7776 of the 1942 Code.

"I have found no decision of this State so holding, and there appears no sound reason to hold, that a foreign corporation domesticated under the laws of this State should be preferred or treated differently than domestic corporations in matters affecting venue for trial of cases against them. In fact, in the case of *Tucker v. Ingram,* 187 S. C. 525, 198 S. E. 25, (28) attention is called by our Supreme Court that 'the United States Supreme Court * * * held that the foreign corporations mentioned should be on a parity with domestic corporations in the matter of the place of trial'.

"It was admitted in the argument before me that the summons was served on an agent of the defendant corporation in Kershaw County. Section 434 of the 1942 Code of Laws is in part as follows: 'provided, further, that, in the case of domestic corporations, service as affected under the terms of this section shall be effective and confer jurisdiction over any domestic corporation in any county where such domestic corporation shall own property and transact business, regardless of whether or not such domestic corporation maintains an office or has agents in that county'.

"The defendant corporation having domesticated under the laws of this State is governed by the place of trial set in the above Section of the Code the same as domestic corporations of this State.

"It will be seen that the above Section confers jurisdiction in any County where such domestic corporation (1) shall own property and (2) transact business.

"It is admitted that the defendant owns property in Chesterfield County."

To this ruling that a foreign corporation, domesticated under the laws of this State, may be sued in any county where it owns property and transacts business, regardless of whether or not such corporation maintains an office and has an agent in such county, comes the exception before this Court.

The lower Court in its order, and respondent's brief, emphasizes the fact that the appellant is a domesticated foreign corporation but this point is not a deciding factor in the case and has been held to be irrelevant in the cases of *Tucker v. Ingram et al.,* 187 S. C. 525, 198 S. E. 25; *Warren v. Smith et al.,* 190 S. C. 8, 1 S. E. (2d) 900, both of which reaffirm the principle as declared in *Campbell v. Mutual Benefit Health & Accident Association,* 161 S. C. 49, 159 S. E. 490.

The three cases cited in the foregoing paragraph definitely show that a foreign corporation, whether or not domesticated, establishes a residence for venue purposes by having an office and agent in a county or counties for the transaction of business. These three cases are followed by the case of *Shelton v. Southern Kraft Corporation,* 195 S. C. 81, 10 S. E. (2d) 341, 342, 129 A. L. R. 1280, cited in the order of the lower Court, from which opinion we quote:

"What is necessary to show that a foreign corporation has established a residence for venue purposes in a county other than that in which its legal residence is admitted to be? It cannot be, and is not denied that defendant is a foreign corporation engaged in the manufacture of paper from pine pulp, with its factories, its corporate buildings, offices and business in Georgetown County. To maintain the contention that it has a residence for venue purposes, it must be shown more than that it has an agent in that County; it must have offices for the transaction of its corporate business. The trial Judge recognizes this principle of law. He says in his order of July 31, 1939, which is affirmed by his order of October 10, 1939:

" 'A foreign corporation whether or not domesticated, may be sued in any County of the State wherein it has an agent and office for the transaction of its business, but if the foreign corporation is sued in a County where it has no agent or place of business then the place of trial should be changed to the County wherein the corporation does have offices and agents. See *Campbell v. Mutual Benefit Health & Accident Association,* 161 S. C. 49, 159 S. E. 490; *Halsey v. Minnesota-South Carolina Land & Timber Co.,* 168 S. C. 18, 166 S. E. 626; *Tucker v. Pure Oil Co. of the Carolinas,* 187 S. C. 525, 198 S. E. 25 * * *.' "

This Court, while reversing the lower Court in the *Shelton case,* approved in its entirety the statement of law contained in the order of the trial Judge which we have reproduced, but held that the trial Judge was in error in holding the motion for change of venue was addressed to his discretion, it being a question of law, and erred in concluding that plaintiff, by his affidavits, had shown that the defendant had established a residence in Florence County for purposes of venue, that is, by having an office and agent in the County for the transaction of its business.

The trial Judge, in his order, refers to the *Shelton case, supra,* and states that "an analysis of that case will show the holdings herein were not in conflict with the decision in that case" since it was not shown that the "Southern Kraft Corporation, owned property and transacted business in Florence County and the question here presented was not considered by the Court", that question being as to whether or not a foreign corporation, domesticated under the laws of this State, is subject to the proviso of subsection (1) of Section 434 of the 1942 Code of Laws, added to the Section by the Legislature in 1927. Prior to this amendment the residence of a domestic corporation for purposes of suit could be in the county where its principal place of business is fixed by its charter, or in any county where it had and maintained a place of business or an agent engaged in, conducting and carrying on the business for which it existed. The amend-

ment enlarged the field of venue to any county where such domestic corporation owns property and transacts business regardless of whether or not there is maintained an office or agent in the county. *Miller v. Boyle Construction Co.*, 198 S. C. 166, 17 S. E. (2d) 312. The trial Judge states, and respondent stoutly maintains, that appellant is governed and controlled by the 1927 amendment to Section 434, *supra,* in that the Legislature, in Section 7776, Code of Laws of 1942, has declared that "all and every such foreign corporation carrying on business or owning property in this State shall be subject to the laws of the same in like manner as corporations chartered under the laws of this State, * * *.*"

We do not agree with the trial Judge that the proviso to Section 434, *supra,* governs and controls, as to place of trial, a domesticated foreign corporation doing business or owning property in this State. The proviso clearly and definitely uses the term "domestic corporations" or "domestic corporation". There is not the slightest inference or reference to a domesticated foreign corporation. Had the Legislature intended that this proviso should apply to such corporations doing business or owning property in this State it could have so expressed that intent by the deletion of the word "domestic" therefrom or by referring to the corporations as "domesticated foreign and domestic corporations". This the General Assembly did not do but was content with its clear and precise wordage directed as to "domestic corporations".

The paramount consideration and controlling factor in the interpretation of a statute is the intent of the Legislature, and each enactment of the Legislature is to be construed in the light of its own context. This legal precept is too well settled to require citation of authorities.

The intendment of the Legislature becomes more manifest when reference is made to the Act as printed in the volume containing the Acts and Joint Resolutions of the General Assembly for 1927. The title of the Act, No. 182, at page 292, is significant: "An Act to Further Regulate the Service of

Summons in Civil Actions and Jurisdiction over Domestic Corporations". Thus it appears in the beginning that the General Assembly is passing a law that affects "domestic corporations" only, and this becomes more apparent when considering the context of the Act, which is to amend subsection 1 of Section 390, Volume 1, Code of Laws of South Carolina 1922, now Section 434 of the present Code, which relates to the service of a summons.

The amending Act of 1927 directs that subsection 1, of Section 390, Volume 1, Code of Laws of South Carolina 1922, be amended by adding the proviso under consideration at the end of the subsection. Subsection 1 consists of two paragraphs. The first paragraph directs that if the suit be against a corporation, the summons shall be served upon certain named officers or agents. The remainder of this paragraph relates to railroad corporations, and which is not pertinent to the issue at hand. The second paragraph, which was not changed in its wordage by the amendment, but only enlarged by the adding of the proviso, reads as follows : "Such service can be made in respect to a foreign corporation only when it has property within the State, or the cause of action arose therein, or where such service shall be made in this State personally upon the President, Cashier, Treasurer, Attorney or Secretary, or any agent thereof". It is to be assumed that when the Legislature in 1927 added the proviso to this paragraph, the lawmaking body was not unmindful of the context of the paragraph which dealt with a foreign corporation exclusively. As heretofore pointed out, the proviso clearly and concisely names domestic corporations, and when the paragraph of the subsection to which the proviso is added clearly and precisely refers to foreign corporations, there can be no doubt that the Legislature did not have any intent to include domesticated foreign corporations within the meaning and effect of the proviso. It is also to be noted that the Legislature in the beginning of the amending proviso states that "In the case of domestic corporations". By the use of the phrase "in the case of" it is all the more cer-

tain that the Legislature intended to and did put domestic corporations in an encompassed field, excluding foreign corporations whether or not domesticated.

We are not unmindful that in the case of *Tucker v. Ingram, supra,* attention is called by this Court that "the United States Supreme Court * * * held that the foreign corporations mentioned should be on a parity with domestic corporations in the matter of the place of trial". This in effect is saying that there should be no discrimination against foreign corporations which have become domesticated. As succinctly pointed out by appellant, the exclusion of a foreign corporation demesticated under the laws of this State, from the meaning and effect of the proviso is not a discrimination against a foreign corporation, and if any discrimination exists, that discrimination as accomplished by the statute is against domestic corporations. Such discrimination, if existent, might furnish ground for attacking the proviso relating to domestic corporations in an action that concerned domestic corporations, upon which probable point we are not passing any opinion, but in this particular appeal there is no cause of action wherein a domestic corporation is a party.

We think the rule as to the place of trial for foreign corporations as set forth in *Campbell v. Mutual Benefit Health & Accident Association, supra,* and reiterated in its entirety in *Tucker v. Ingram, supra,* is sound, and this Court cannot depart therefrom for the reason that the Legislature has seen fit to enlarge the field of venue when domestic corporations are concerned, without including therein foreign corporations.

The order of the Circuit Court is reversed, and the case is remanded to that Court for the purpose of changing the venue from Chesterfield County to Kershaw County, it having been shown that the appellant has an agent and office for the transaction of business in Kershaw County, and service having been made upon the agent in Kershaw County.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.