16512

ATKINSON v. KORN INDUSTRIES, INC.

(65 S. E. (2d) 465)

*Messrs. Lee & Moise,* of Sumter, *for Appellant,*

*Messrs. Leppard & Leppard,* of Chesterfield, and *Mozingo & Watts,* of Darlington, *for Respondent,*

June 8, 1951.

FISHBURNE, Justice.

Clarence L. Atkinson, a resident of Chesterfield County, instituted this action in the Court of Common Pleas of that County against Korn Industries, Inc., for alleged breach of contract, and the defendant was served with a copy of the summons and complaint at its office in the City and County of Sumter. Thereafter, a motion to change the place of trial from Chesterfield County to Sumter County was made by the defendant, on the ground that Chesterfield County is not the proper place for the trial of the case. The matter was heard before the Circuit Judge on the pleadings and affidavits submitted, and he by order dated February 15, 1950,

denied the motion. The case is here upon exceptions taken by Korn Industries, Inc., and the appeal turns upon the decision of only one question—that is, whether or not appellant under the relevant code provision, was transacting business in Chesterfield County when this action was commenced. Sec. 434, subsection (1).

It is conceded that appellant is a domestic corporation, with its principal place of business, office and agents, in the City of Sumter. Its legal residence, therefore, is in Sumter County. It should be sued in that County unless it appears that the corporation owns property and transacts its corporate business in Chesterfield County so as to give the Courts of that County jurisdiction.

Appellant, as shown by the record, is engaged in the production and manufacture of hardwood lumber and lumber products at its plant in Sumter County. In October, 1948, it purchased a tract of hardwood timber located in Chesterfield County, containing 1600 acres, for the sum of $18,000-.00, and obtained a deed therefor. Thereafter, in January, 1949, it entered into a contract with Rufus Kimrey a resident of Chesterfield County, to cut and log this timber, and load the logs on cars at Cash Siding, South Carolina, for shipment to the mill of appellant in Sumter. This contract further provided that Kimrey should have complete charge of the logging operations and would furnish all necessary tools, equipment and labor. The logs when received in Sumter are scaled by appellant's representatives, and weekly checks in payment of amounts due are mailed to Kimrey at his address in Chesterfield County from Sumter.

The 1600 acres of timbered lands were divided into four sections of approximately 400 acres each, and the contract provided that the contractor would cut and log these sections successively—that is, would cut clean one section of the timber before entering upon another section. It was agreed that the cutting and removal of the hardwood timber from this tract, and the delivery of the logs, should be

completed within 112 weeks from the date of the contract, and that logs would be delivered to the mill at Sumter at the average rate of 12,000 feet per week.

The sole question on appeal is whether this domestic corporation chartered under the laws of this State, with its main establishment and place of business in Sumter County, is subject to the proviso of subsection (1), Section 434 of the 1942 Code. This proviso by amendment was added to this section by the legislature of 1927.

Prior to the amendment, the residence of a domestic corporation for purposes of suit, could be in the County where its principal place of business is fixed by its charter, or in any County where it had and maintained a place of business or an agent engaged in conducting and carrying on the business for which it existed. The amendment enlarged the field of venue to any County where such domestic corporation "shall own property and transact business, regardless of whether or not such domestic corporation maintains an office or has agents in that county." *Miller v. Boyle Construction Co.,* 198 S. C. 166, 17 S. E. (2d) 312. Subsection (1), Section 434, has been applied or differentiated under various circumstances. See *Hancock v. Southern Cotton Oil Co.,* 211 S. C. 432, 45 S. E. (2d) 850.

It is not disputed that appellant does not maintain an office, nor does it have an agent in Chesterfield County, but it is admitted, as it must be, that it owns property therein—that is, the 1600 acres of hardwood timber above referred to.

Does appellant transact business in Chesterfield County?

The phrase "transact business" is one of rather wide latitude. It is generally held that for a corporation to transact business within the meaning of such a statute, the business transacted by it in the County must be a part of its usual or ordinary business and must be continuous in the sense of being distinguishable from mere casual, occasional, or isolated transactions. However, no all-embracing rule can be laid down as to when a corporation transacts

sufficient of its business within a County to bring it within the statute. 19 C. J. S., Corporations, § 1298, page 980; Vol. 42, Words and Phrases, Pages 245, 246.

A case analogous to the one before us, and which we think strongly supports the lower Court, is *Gibbes v. National Hospital Service*, 202 S. C. 304, 24 S. E. (2d) 513. In that case it affirmatively appeared that the defendant had its principal place of business in Richland County and did not maintain any office or agent in Aiken County, where the action was brought. But it had issued policies to residents of Aiken County, collected premiums thereon, and paid losses by mailing checks from its Columbia office to policyholders in Aiken County. This Court held that the insurance company under these circumstances owned property and transacted business in Aiken County, and thereby came within the purview of the statute.

The affidavits submitted by respondent tend to show that in cutting the logs on appellant's tract of timber in Chesterfield County, Kimrey was under the direct supervision and control of T. W. Hill, Superintendent of Woods Operations of appellant, and subject to his direction; and that Mr. Hill on several occasions visited the tract where these logging operations were in progress.

Appellant seeks to show that it transacts no business in Chesterfield County; that its logging operations are carried on by an independent contractor who furnishes all equipment and pays for all labor in connection with the cutting and logging of the hardwood logs. These logs are loaded on cars, as stated, at Cash Siding, in Chesterfield County, for shipment to appellant's mill in the City of Sumter. When received, the logs are scaled by a representative of appellant, and checks in payment are mailed each week to Kimrey, the contractor, in accordance with the contract, at his post office in Chesterfield County. It is therefore contended that all business conducted or transacted by appellant is done at Sumter, and no business of any kind transacted in Chesterfield County. We cannot agree with this contention.

It is apparent from the record that appellant's main business is the manufacture of hardwood lumber into lumber products, and that the purchase and logging of this large tract of hardwood in Chesterfield County was an important and substantial part of the business connected with its corporate existence. The logging operations covered a period of more than two years, with weekly logging shipments and weekly payments. This operation in Chesterfield County was a part of its usual and ordinary business and continuous in the sense of being distinguishable from an occasional or isolated transaction. In our opinion, it constituted the transaction of business as contemplated by the proviso of subsection (1), Section 434 of the Code.

It might well be conceded that if appellant had purchased and owned timber on a tract of land which it never cut or utilized, and should thereafter sell such tract, this single transaction would not constitute the transaction of business as contemplated by the statute. But in the case at bar, we have far more than what might be described as a single transaction. We have a situation, as shown by the record, where the appellant is engaged in a continuous logging operation covering more than two years in the transaction of a substantial part of its ordinary business, and under such circumstances the Courts of Chesterfield County have jurisdiction for the trial of this cause.

We think it immaterial that this business was transacted by appellant through an independent contractor. It was just as effectual as though done by an authorized agent, or accomplished by utilizing the services of an agent or other person.

Judgment affirmed.

STUKES, TAYLOR and OXNER, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.