## 16818

PETERS v. DOUBLE COLA BOTTLING CO. OF
COLUMBIA *ET AL.*

(79 S. E. (2d) 710)

*Messrs. Rosen, Horger & Sims,* of Orangeburg, *for Appellant,*

*Messrs. J. D. Parler* and *N. H. Hamilton,* of St. George, *for Respondent,*

January 11, 1954.

LITTLEJOHN, Acting Associate Justice.

This action was commenced in Dorchester County by the plaintiff against the defendant Double Cola Bottling Company of Columbia, by service of summons and complaint on

October 13, 1948, and by service of summons and complaint on the defendant Raymond Kizer, on October 18, 1948. The plaintiff is a resident of Dorchester County; the defendant Raymond Kizer is also a resident of Dorchester County, is the nephew of the plaintiff, and operates a store wherein Double Cola, bottled by the Double Cola Bottling Company of Columbia, is sold. Double Cola Bottling Company of Columbia is a corporation and has its principal place of business in Richland County.

The complaint alleges that on the 13th day of December, 1947, the plaintiff purchased twelve bottles of Double Cola from the defendant Kizer at his place of business in Dorchester County, and that such product was manufactured and bottled by the defendant Double Cola Bottling Company of Columbia. It alleges that the plaintiff consumed a portion of the contents of one of the bottles which had not been previously tampered with or opened, and thereupon discovered a number of small worms and insects, disease carrying insects, small filthy foreign substances and other filthy and diseased ingredients therein. The complaint alleges that she became ill and violently sick, humiliated and embarrassed from the consumption of the contents of the bottle. Plaintiff prays judgment for three thousand dollars from both defendants.

The complaint concludes with four paragraphs, as follows:

"9. That as this plaintiff is informed and believes, she swallowed a number of these diseased insects and foreign ingredients. She coughed and spit up a number of the said diseased insects and foreign filthy substance that had passed into her mouth at the time she had discovered their presence in the bottle. That she immediately thereafter became ill and violently sick, humiliated and embarrassed from drinking said 'Double Cola' beverage and diseased insects and filthy foreign ingredients manufactured, bottled, sold and delivered by these defendants.

"10. That the said bottle of 'Double Cola' beverage thus manufactured, served and delivered to this plaintiff, Mrs. Mae Peters, by the defendants herein, was not wholesome or fit for human consumption, but on the contrary was poisonous, contaminated with worms and insects and foreign filthy diseased matters, covered and saturated with hundreds and thousands of deadly disease germs, and being highly injurious to anyone drinking same, which fact was known to the defendants, or should have been known to them in the conduct of their business in the manufacturing, bottling, selling and delivering of said beverage.

"11. That the defendants, their agents, servants and employees, were careless and negligent in the manufacturing of said drink in the following particulars, to wit:

"(a) In not properly cleaning their bottles.

"(b) In not inspecting said bottles before and after they were filled with beverage.

"(c) In not keeping their place of business in a sanitary and clean condition.

"(d) In allowing the aforementioned 'Double Cola' beverage to be placed in bottles which had not been properly cleaned and which were contaminated with diseased insects and foreign matter.

"(e) In the bottling, selling and delivering of said beverage.

"(f) In failing to use due care in the manufacturing, bottling, selling and delivering of said beverage.

"12. That by reason of the negligent, careless, willful, wanton, malicious and intentional acts and deeds of the defendants herein, their agents and servants, as aforesaid, this plaintiff was made violently and deadly sick, suffered great pain, physical suffering and mental anguish and impairment of health and embarrassment. She has lost her appetite for 'Double Cola', which drink or product she was extremely fond of before this tragedy occurred. She was forced to call a medical doctor for treatment and expend sums of money

for medical attention and medicinal supplies. She has suffered, is suffering and will continue to suffer, mental anguish and nausea from the effects of having drank a portion of this contaminated and diseased 'Double Cola', with the result that this plaintiff has been damaged and injured in the sum of Three Thousand ($3,000.00) Dollars."

The answer of the Double Cola Bottling Company sets up a general denial and alleges that the most modern methods of bottling soft drinks are used, and alleges that if the plaintiff was damaged by any deterioration or infestation as alleged in the complaint, it was brought about after it came into her possession and not before it went beyond the control of this defendant.

The defendant Kizer had not employed an attorney as of four days after service. He is not appealing. The record is silent otherwise as to him.

In the Circuit Court the defendant Double Cola Bottling Company moved for a change of venue under Section 10-303 of the 1952 Code, from Dorchester County to Richland County, on several grounds. The motion was denied and this appeal results, raising in this Court only one basic issue, to wit: Was the defendant Raymond Kizer made a party to this suit merely for the purpose of placing venue in Dorchester County, or is he a *bona fide* and material defendant against whom a cause of action has been stated in the complaint?

The complaint does not denominate this suit as being one brought under the Pure Food and Drug Act, Section 32-1451 *et seq.* of the 1952 Code, but a reading of the complaint indicates that the action is brought under the terms of this act as well as under the common law. It is not essential to plead the statute as such, but the Court is required to take notice of the statutes whether specifically mentioned or not if the allegations of fact bring the case within the provisions thereof. *Gantt v. Columbia Coca-Cola Bottling Company,* 193 S. C. 51, 7 S. E. (2d) 641, 127

A. L. R. 1185. If a cause of action is stated against the defendant Kizer under either the statute or common law, or both, he is an appropriate party to this suit, and the position of the appellant cannot be sustained.

Pertinent portions of the statute are as follows:

"§ 32-1451.   The State Board of Health shall take cognizance of the interest of the public health as it relates to the sale of food, · * * *."

"§ 32-1452.   The term 'food' as used in § 32-1451 shall include every article used for food *or drink* by man, including all candies, teas, coffees and spirituous, fermented and malt liquors.   * * *" (Emphasis added.)

"§ 32-1511.   The term 'food,' as used in this article, shall include all articles used for food, drink, confectionery or condiment by man or animals, whether simple, mixed or compound."

"§ 32-1514.   Food shall be deemed adulterated within the meaning of this article:   * * *   (6) If it consists in whole or in part of a filthy, decomposed or putrid animal or vegetable substance or any portion of an animal unfit for food whether manufactured or not or if it is the product of a diseased animal or one that has died otherwise than by slaughter."

"§ 32-1515.   Nonalcoholic drink shall be deemed to be adulterated if it contains any boric acid· * * *   or other substance deleterious or injurious to health."

"§ 32-1520.   It shall be unlawful for any person to manufacture, sell or offer for sale any article of food or drug which is adulterated or misbranded within the meaning of this article.   * * *"

Though the complaint has not alleged a violation of the statute in words definite, we think that a liberal construction of the whole complaint would permit the plaintiff to adduce evidence in support of such a contention.

When the whole complaint is studied in connection with statutes hereinabove quoted, it is obvious that a cause of action is stated. The Legislature has made it a violation of the law to sell food, which includes soft drinks, which is adulterated. A violation of this statute is negligence *per se*. Doubtless these statutes were inspired by the fact that normally a consumer purchasing a packaged or bottled product can show little more than that the retailer sold him a defective product. Substantially all food products today on sale are either canned, packaged, or bottled, which means that explanation for adulteration of food involves information normally within the control of either the retailer or the manufacturer, and without the knowledge of the consumer. Accordingly there is good reason for the rule which allows the plaintiff to make out a *prima facie* case by showing a violation of the statute. Thereafter, a defendant may adduce evidence to show that there has been, in fact, no negligence, it being in the last analysis a question for the jury unless, of course, the evidence is susceptible of only one reasonable inference.

Where two defendants who reside in different counties are sued jointly, the statute provides that the case may be tried in either of the two counties. Where an action involves both the manufacturer and the retailer under the Pure Food and Drug Laws, it is not only proper but preferable to join both defendants in the same complaint in order to prevent a multiplicity of actions.

In ruling upon the only question raised by this appeal the Court is mindful that the lower court sits as judge and jury and in ruling upon the issue, may go beyond the pleadings to determine whether or not a defendant is material and *bona fide*. A defendant may be *mala fide,* so as to require the granting of a motion to change venue even though the allegations (and proof apparently available) may be sufficient to submit the case to the jury, as in the case of *Rosamond v. Lucas-Kidd Motor Co.,* 183

S. C. 544, 191 S. E. 516. And so whether or not a cause of action is stated in the complaint is not always controlling.

In this case there is no showing in the record proving that the action against Kizer is not *bona fide*. The appealing defendant presented the affidavit of both the defendant Kizer and his wife, dated October 22, 1948, but nothing contained in either affidavit tends to prove that the action is not *bona fide*, or that Kizer is not a material defendant.

The issue must accordingly be determined on the question of whether or not a cause of action has been stated against the defendant Kizer.

To sustain the position of the appellant in this case would in effect, involve a finding that the plaintiff has no right of recovery against the defendant Kizer. We cannot say as a matter of law, that no cause of action has been stated against him.

The defendant Double Cola Bottling Company relies largely upon the case of *White v. Nichols,* 190 S. C. 45, 1 S. E. (2d) 916, and upon *Dunbar v. Evins,* 198 S. C. 146, 17 S. E. (2d) 37, in support of its contention, but we do not think that these cases are controlling under the issues as made up by the record in this case. Under the facts in those cases the trial court (which is the judge of the law and of the facts) found that certain defendants were not *bona fide*. In this case the trial court found as a matter of fact that the defendant Kizer was a *bona fide* defendant against whom a cause of action was stated, and we cannot say upon a full review of the record, that his finding was not properly supported.

The order of the lower court is affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.