### 17076

PERRY HOPKINS, Respondent, v. SUN CREST BOTTLING COMPANY, Appellant

(89 S. E. (2d) 755)

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *and Jefferies, McLeod & Unger,* of Walterboro, *for Appellant,*

*Messrs. John P. Mozingo, III, John L. Nettles, Benny R. Greer, and M. A. McAlister,* all of Darlington, *for Respondent,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *and Jefferies, McLeod & Unger,* of Walterboro, *for Appellant, in Reply,*

October 26, 1955.

Baker, Chief Justice.

The appellant, a domestic corporation with its principal place of business at Florence, South Carolina, and a resident of said county within the meaning of Section 10-303 of the 1952 Code, has been held subject to the jurisdiction of, and suable in, the Common Pleas Court for Darlington County upon the ground that it owns property and transacts business in Darlington County, from which ruling it has appealed to this Court. The only question that needs to be considered is: does appellant "own property" in Darlington County within the meaning of the proviso of Section 10-421 of the 1952 Code? In our opinion it clearly does not.

The appellant, a local bottling company, conducts its business in the customary manner known to that trade. Its soft drinks are bottled at its plant in Florence, are placed in light weight open crates, and are sold by its salesmen, residing in Florence, directly to its customers, consisting principally of grocery stores, including stores in Darlington County. The salesmen leave the crates and bottled drinks and collect for same. When opening an account a customer makes a deposit of 50¢ for each crate of 24 bottles, and afterwards, when additional sales are made, the customer returns crates and bottles in like amount, or, if additional purchases are made, he makes additional corresponding deposit, or, if his returns are more than his purchases, he is credited for the extra crates and bottles. The crates and bottles are constantly being exchanged, and are making rounds from the appellant's plant to the customers' outlet and back again, never having any degree of permanence in the hands of the customer, remaining with the customer on the average for a period of not more than three days. Darlington County does not levy or attempt to collect any property taxes from the appellant.

We seek the legislative intent in providing that a domestic corporation may be sued in any county where it owns property and transacts its business. The clearest statement that can be found, as it bears upon the facts of this case, is in *Brown v. Palmetto Baking Co.*, 220 S. C. 38, 66 S. E. (2d) 417, 420, where we clearly indicated that not all property temporarily in a county was "property" within the proviso of Section 10-421. In that case, Palmetto Baking Company, a domestic baking company, sold its baking products from a truck regularly operated in Williamsburg County, but we held that the truck and its contents, used in making sales and deliveries to retailers in the county, was not sufficient to render the company subject to suit in that county. The following apt observation was made by Mr. Justice Stukes, who authored the opinion:

"* * * the ownership of property in the county, is not met by ownership of the truck by which respondent's

wares were peddled or delivered from another county. If the contrary were held, ownership of a single vehicle might furnish venue in a number, or all, of the counties at once, which shows the unsoundness of the appellant's position thereabout."

There is as much or more of a degree of permanence in the daily operation of a bakery truck on the streets of a town as there is in leaving bottles and crates with local customers when there is a continuous flow of bottles and crates from the bottler to the customer and back to its plant in an average of three days. Most probably the bakery truck, in a period of a year, would actually be a vastly longer time within any county where it was being used than a crate or bottle of a bottling company. It is unnecessary to go into any refinements of the question of title to the crates and bottles. It was never the intention of the legislature that property so transitory in the county should be considered the ownership of property therein, within the meaning of Section 10-421. The whole purpose of the appellant's "deposit" arrangement is patently for the speedy rotation of bottles from plant to customer and back to plant and to make their stay in any county, other than where its plant is located, as brief and transitory as possible. There can be no reasonable distinction between using a truck daily on the highways of a county or streets of a town in that county, and leaving different bottles and crates with customers of soft drinks in a town or county for periods up to three days on an average. It is far-fetched to say that a domestic corporation is subject to suit in every county of the state wherein an empty soft drink bottle or crate shall come to rest briefly, pending return to the bottler for reuse.

The case of *Gibbes v. National Hospital Service, Inc.*, 202 S. C. 304, 24 S. E. (2d) 513, relied on by the Circuit Judge, is not controlling here. In that case the order of the lower court, which was adopted as the judgment of this court, held that policies of hospitalization insurance, issued by a domestic insurance corporation, in the posses-

sion of policyholders resident in Aiken County, constituted "property" of the corporation in that county for venue purposes. Without conceding the correctness of that decision, it is sufficient to say that that case is clearly distinguishable, factually, from the case at bar by reason of the permanence of the "property" in Aiken County in the former, as against the transitoriness of the bottles and crates in Darlington County in the instant case.

The cases of *Atkinson v. Korn Industries,* 1951, 219 S. C. 402, 65 S. E. (2d) 465; *Miller v. Boyle Construction Co.,* 1941, 198 S. C. 166, 17 S. E. (2d) 312, and *Hancock v. Southern Cotton Oil Co.,* 1948, 211 S. C. 432, 45 S. E. (2d) 850, illustrate ownership and maintenance of substantial physical property within the county where domestic corporations were held to be subject to the jurisdiction of courts of the county wherein such property was located. The different factual situations in those cases serve to illustrate the fallacy of the Circuit Judge's holding in this case.

For the foregoing reasons, the order of the Circuit Judge, refusing appellant's motion to transfer this action to Florence County, the residence of appellant, is reversed.

OXNER and LEGGE, JJ., concur.

STUKES and TAYLOR, JJ., dissent.

TAYLOR, Justice (dissenting).

I regret I am unable to agree with the majority opinion in this case. In the construction of statutes it is a cardinal rule that they be construed in the light of the legislative intent, that full effect must be given each section and the words given their plain meaning. Where there is no ambiguity, words must not be added to nor taken from the statute, *McCollum v. Snipes,* 213 S. C. 254, 49 S. E. (2d) 12; *Bohlen v. Allen,* S. C., 89 S. E. (2d) 99. There is no hint of ambiguity in Section 10-421 of the Code of Laws of South Carolina, 1952; it simply provides that a domestic cor-

poration may be sued in any county where it "shall own property and transact business". There is no requirement that the property be of a permanent nature or that it be of certain value. For this Court to hold that property remaining in the county for three days does not come within the contemplation of the statute, it must supply words and meaning that are not evident in the act. If an average of three days is not sufficient, then what period of time will this Court say is sufficient—four days, a week, a month, or a year?

This action was brought in the Court of Common Pleas for Darlington County for damages resulting from a collision in Darlington County between respondent's Ford pickup truck and a two-ton Chevrolet truck owned by appellant, which at the time was engaged in delivering in Darlington County bottled drinks manufactured by appellant at its principal place of business in the City of Florence in Florence County, South Carolina.

Upon service of the summons and complaint, appellant moved to transfer the action to Florence County for trial upon the ground that it is a corporation organized under the laws of South Carolina, has its principal place of business in the City of Florence, Florence County, South Carolina, and does not have property, office, or agent in Darlington County. Both appellant and respondent filed affidavits to support their respective positions. On February 5, 1953, Judge Lewis issued his order refusing the motion, holding that appellant is the owner of property in Darlington County within the provisions of Section 434 of the Code of Laws of South Carolina 1942, Section 10-421 of the Code of Laws of South Carolina 1952, which reads as follows:

"If the suit be against a corporation, the summons shall except as otherwise expressly provided, be served by delivering a copy thereof to the president or other head of the corporation, or to the secretary, cashier or treasurer or any director or agent thereof; *provided, further,* that, in the case of domestic corporations, service as effected under the terms of this section shall be effective and confer jurisdiction over ·

any domestic corporation in any county where such domestic corporation shall own property and transact business, regardless of whether or not such domestic corporation maintains an office or has agents in that county."

And it is from this order that appellant comes to this Court contending: First, that it was error to hold that appellant owns property in Darlington County within the contemplation of Section 10-421 of the Code of Laws of South Carolina, 1952; and, second, that said section of the Code is unconstitutional in that it denies appellant "equal protection" of the law in violation of Art. 1, Sec. 5 of the 1895 Constitution of the State of South Carolina and the 14th Amendment of the Constitution of the United States.

In the operation of appellant's business, soft drinks are bottled in the Florence plant, placed in light weight open crates, twenty-four bottles to the crate loaded on motor trucks which are kept and maintained at appellant's place of business in Florence and distributed by its employees, salesmen, who are residents of Florence County, to its customers throughout the areas served. According to appellant's affidavit, the customer when opening an account makes a deposit of fifty cents for each crate of twenty-four bottles, and thereafterwards when additional sales are made the customer returns the crates and bottles in like amount to those purchased; or, if additional crates and bottles are purchased other than those returned, he makes an additional corresponding deposit; or, if his returns are more than his purchases, he is credited for the extra crates and bottles at the rate of the deposit thereon. Through this means, the crates and bottles are constantly being exchanged and moved from the defendant's plant to the customer's outlet and back to the plant and the average time such crates and bottles would be in the hands of a customer would probably be three days. The foregoing is standard practice in the bottling business, and the crates and bottles are never in the hands of a given purchaser permanently but only transitorily.

Other affidavits are to the effect that appellant transacts business in Darlington County and requires a deposit of two cents per bottle and two cents per crate upon delivery to the retailer. When the bottles and crates are returned to appellant, this deposit is credited back to the retailer at the same rate.

Respondent contends that such bottles and crates owned by appellant constitute property within the meaning of the statute. Appellant, on the other hand, contends that the bottles and crates are in a transitory state at all times and, therefore, do not constitute such property within the meaning of the statute as to render appellant amenable to suit in a county other than where its principal place of business is.

I am unable to distinguish this case from that of *Gibbes v. National Hospital Service, Inc.,* 202 S. C. 304, 24 S. E. (2d) 513, 514, wherein this Court held that a domestic corporation may have more than one place of residence and the Legislature has the power to declare the residence of such corporations for the purposes of suit. That while the principal place of business of the company was in Richland County and it maintained no office or agent in Aiken County, it had, however, issued its insurance policies to residents of Aiken County, collected premiums thereon, and paid such losses as were covered by its policies in Aiken County and was thereby amenable to suit in Aiken County under the provisions of Sec. 434 of the Code of Laws of South Carolina 1942, (now Sec. 10-421 of the Code of Laws of South Carolina 1952) as it owned property and transacted business in said county.

The word "property" has a very broad and comprehensive meaning as will be seen by reference to *Gibbes v. National Hospital Service, Inc., supra,* wherein this Court stated:

"The word 'property' is not confined to tangible or corporeal objects, but is a word of unusually broad meaning. 'Property is a general term to designate the right of ownership; and includes every subject, of whatever nature, upon

which such a right can legally attach.' " *Pell v. Ball,* Speer Eq. 48.

For further definitions, see 34 Words and Phrases, Property, p. 396.

Appellant relies strongly upon *Brown v. Palmetto Baking Co.,* 220 S. C. 38, 66 S. E. (2d) 417, wherein this Court held that a bakery truck while temporarily in a county, other than that of the principal place of business, for the purpose of delivering bakery products did not constitute ownership of such property in that county as to meet the requirements of the statute. As in the instant case, the truck when not engaged in making sales and deliveries was housed and maintained at the principal place of business, but the facts differ in the two cases in that in the instant case a deposit is required of all purchasers for the return of the containers (crates and bottles) while in the case of the bakery products there was no such requirement, the container or wrapper being sold along with the product. The very nature of appellant's product renders it necessary that a quantity of these bottles and crates remain at the places where the product is sold. Judge Lewis in his order referred to this significant fact in the following manner:

"* * * While individual bottles or crates may not remain in Darlington County for any great length of time, the important fact is that at all times bottles and crates of the defendant are maintained in said county in effecting sales of its products. Without keeping in Darlington County at all times containers from which its soft drinks are sold, sales of defendant's product could not be maintained. It is fairly inferable from the facts that it is the intention of the defendant that at all times its bottles and crates shall remain in Darlington County so that its sales will be maintained."

This relevant finding of fact, undisputed and supported by the evidence, is binding upon this Court, *Peters v. Double Cola Bottling Co. of Columbia,* 224 S. C. 437, 79 S. E. (2d) 710; *Morris v. Peoples Baking Co.,* 191 S. C. 501, 5 S. E.

(2d) 286; *Witherspoon v. Spotts & Co.,* S. C., 87 S. E. (2d) 477; *Simmons v. Cohen,* S. C., 88 S. E. (2d) 679.

Whether or not Sec. 10-421 was wise legislation is not a matter to be determined by this Court; we can only construe it in the light of the plain meaning of the words used. I am, therefore, of the opinion that the first question should be resolved adversely to appellant's contention.

The question of the constitutionality of Section 10-421 of the Code of Laws of South Carolina 1952, was not raised in the hearing below and cannot be raised here for the first time. *Key v. Carolina & N. W. Ry. Co.,* 165 S. C. 43, 162 S. E. 582, and cases cited therein.

I am, therefore, of the opinion that all exceptions should be dismissed, and the order appealed from affirmed.

STUKES, J., concurs.