18201

D. I. PEEPLES, Respondent, v. ORKIN EXTERMINATING COMPANY, Inc., Appellant

(135 S. E. (2d) 845)

174

*Messrs. William H. Grimball, Jr.,* and *Coming B. Gibbs, Jr.,* of Charleston, *for Appellant,*

*Holland Smith, Esq.,* of Hampton, *for Respondent,* 

April 16, 1964.

TAYLOR, Chief Justice.

Respondent, D. I. Peeples, a resident of Hampton County, instituted this action against Appellant, Orkin Exterminating Co., Inc., in the Court of Common Pleas for Hampton County.

Appellant moved for a change of venue and filed a demurrer to the complaint on the grounds that it improperly united a cause of action *ex delicto* with a cause of action *ex contractu*. After both parties submitted affidavits and argued the above motions, Judge William L. Rhodes, Jr., by Order dated August 31, 1963, overruled the demurrer and refused the motion for change of venue. This appeal is from that Order.

The complaint alleges that upon payment of the sum of $216.00 Appellant contracted in March, 1956, to thoroughly treat and destroy all existing termites in Respondent's residence and to make whatever repairs were necessary at that time to rectify damage done by termites and upon payment

of an annual renewal fee of $15.00, Appellant would make an annual inspection of the residence and continue to treat the same, if necessary, for termites; that on or about the 5th day of March, 1956, Respondent paid the agreed price of $216.00 and, thereafter, continued to pay the $15.00 fee annually through 1961; that during the Spring of 1958, he discovered termites in his residence and notified Appellant of that fact, whereupon Appellant inspected and treated Respondent's residence and informed him that the termites were destroyed and no repairs were needed, that residence, and that no repairs were needed. It is further alleged that subsequent to the Spring of 1958 and every Spring thereafter, Respondent discovered termites infesting his residence and that Appellant, upon notification, would treat the residence and assure Respondent that the termites were destroyed, that no damage was done to his during the Fall of 1962, Respondent discovered his residence was being destroyed by termites and made demand upon Appellant for inspection, treatment and repairs which Appellant refused. Because of such refusal, Respondent was forced to borrow great sums of money in order to treat and destroy the termites and to make repairs to his residence. Further, that the representations, promises, acts and omissions by Appellant were made with intent to deceive and defraud, were false and known by Appellant to be false, were believed and relied on by Respondent, and that Respondent was thereby induced not to take affirmative action to save his residence, that the contract was fully performed by Respondent and that Appellant has fraudulently breached the same.

Appellant alleges that the Circuit Judge erred in overruling the demurrer to the complaint on the ground that an action *ex contractu* has been improperly united with an action *ex delicto* and is, therefore demurrable under Section 10-642(5), Code of Laws of South Carolina, 1962. Judge Rhodes held that the allegations of the complaint support an action for breach of contract accompanied by fraudulent acts.

An action for breach of contract accompanied by a fraudulent act is an action *ex contractu,* not *ex delicto, Cain v. United Insurance Company of America,* 232 S. C. 397, 102 S. E. (2d) 360; *Ross v. American Income Life Insurance Company,* 232 S. C. 433, 102 S. E. (2d) 743; however, it partakes of elements of both contract and tort. Being an action *ex contractu,* it necessarily follows the complaint must contain allegations of a breach of contract before any damages are recoverable and there must be further allegations that the breach was accompanied by a fraudulent act.

The fact that Respondent may have been able to maintain a separate action for fraud and deceit under the alleged fraudulent acts of Appellant does not necessarily change the structure of his complaint from one for breach of contract accompanied by fraudulent acts. The complaint states a cause of action for breach of contract accompanied by fraudulent acts and there was no error in overruling the demurrer.

Appellant moved to change the venue from Hampton County to Charleston County or in the alternative to Richland County on the grounds that Appellant is a domestic corporation, has no place of business, office or property in Hampton County and does not conduct business or own property in Hampton County within the meaning of the venue Statutes and has no residence for venue purposes in Hampton County.

In support of its motion Appellant offered an affidavit of the manager of its Charleston office to the effect that Orkin Exterminating Company, Inc., is a domestic corporation with its legal residence in Richland County, that it maintains an office, owns property and transacts business in both Richland and Charleston County, and that it owns no property in Hampton County. This affidavit further states that Appellant from time to time enters into pest control contracts with persons in Hampon County and sends its agents into Hampton County to treat houses

against termites and pests and to perform other work in connection with such contracts; that Appellant maintains a telephone in Hampton County, in the Ellis Realty and Insurance Company offices and pays Mr. Ellis monthly for his services in answering the telephone and taking messages. Appellant refers to this office as a "call office" and that the only purpose of such offices is to take messages.

Respondent submitted several affidavits to the effect that Appellant is listed by name in the local telephone directory, showing the address of the Ellis Agency as its business address and this information is advertised to the public and that many residents of Hampton have done business with Appellant through initial contact with the Ellis Agency.

This Court has frequently held that the right of a defendant in a civil action to trial in the County of his residence is a substantial right. *Thomas & Howard Company of Conway v. Marion Lumber Company,* 232 S. C. 304, 101 S. E. (2d) 848. Under Section 10-303, Code of Laws of South Carolina, 1962, "the residence of a domestic corporation has been declared to be, and such corporation may be sued (1) in the county where its principal place of business is fixed by its charter, and (2) in any county where it has and maintains a place of business, or an agent engaged in conducting and carrying on the business for which it exists." *Morris v. Peoples Baking Company,* 191 S. C. 501, 5 S. E. (2d) 286; *Gibbes v. National Hospital Service,* 202 S. C. 304, 24 S. E. (2d) 513.

Section 10-421, Code of Laws of South Carolina, 1962, provides: "* * * that, in the case of domestic corporations, service as effected under the terms of this section shall be effective and confer jurisdiction over any domestic corporation in any county where such domestic corporation shall own property and transact business, regardless of whether or not such domestic corporation maintains an office or has agents in that county."

As appellant is a domestic corporation with its legal residence in Richland County and with offices, agents and property in Charleston County, transacting business in both counties, it should be sued in either Richland or Charleston County unless it appears that it has an office and agent in Hampton County or owns property and transacts business in Hampton County.

Respondent maintains that the record supports the finding that Appellant has an agent and office in Hampton County for venue purposes. The arrangement between Ellis and Appellant whereby Ellis answers the telephone and takes messages for Appellant is analogous to an answering service. A person performing the function of an answering service is not an agent within the meaning of the venue statutes. "An agent is one appointed by a principal as his representative and to whom the principal confides the management of some business to be transacted in the principal's name, or on his account, and who brings about or effects legal relationships between the principal and third parties." *State of South Carolina v. W. T. Rawleigh Company,* 172 S. C. 415, 174 S. E. 385; *Thompson v. Ford Motor Co.,* 200 S. C. 393, 21 S. E. (2d) 34. Ellis had no power to contract in Appellant's name, his entire authority was to answer the telephone and take messages.

It must now be determined whether Appellant "owns property and transacts business" in Hampton County. Appellant apparently concedes that it "transacts business" in Hampton County, and the record before us would fully substantiate such a finding; however, it contends it does not own property within Hampton County within the meaning of Section 10-421.

"The word 'property' is not confined to tangible or corporeal objects, but is a word of unusually broad meaning. 'Property is a general term to designate the right of ownership; and includes every subject, of whatever nature, upon which such a right can legally attach. * * *' *Pell v. Ball, Speers Eq. 48."* *Gibbes v. National Hos-*

*pital Service, Inc.,* 202 S. C. 304, 24 S. E. (2d) 513. However, not all property temporarily within a county is "property" within the proviso of Section 10-421. *Brown v. Palmetto Baking Co.,* 220 S. C. 38, 66 S. E. (2d) 417; *Hopkins v. Sun Crest Bottling Company,* 228 S. C. 287, 89 S. E. (2d) 755.

In *Gibbes v. National Hospital Service, Inc.,* 202 S. C. 304, 24 S.. E. (2d) 513, the principal place of business of the company was in Richland County, it maintained no office or agent in Aiken; however, it had issued insurance policies to residents of Aiken County, collected premiums thereon, and paid such losses as were covered by its policies in Aiken County. In determining that the insurance company was amenable to suit in Aiken County it was held that the insurance policies in the possession of residents of Aiken County constituted property of the insurance company in that county for venue purposes.

In instant case Appellant entered into contracts with residents of Hampton County, whereby upon an initial payment Appellant treated buildings against termites and other pests and repaired such damage as had been caused by termites at that time. Upon the payment of an annual renewal fee, it agreed to make an annual inspection of the building and to continue to treat for termites and repair same when necessary, these contracts being a necessary part of its ordinary business.

The rights, duties, and obligations of the parties to these contracts are not terminated upon initial treatment and repair of the buildings; but such obligations and duties, where the contract has been renewed, are continuous in nature, much the same as the insurance contracts were in the *Gibbes case,* upon payment of premiums and not temporarily within the county as in *Brown v. Palmetto Baking Company, supra,* 220 S. C. 38, 66 S. E. (2d) 417; and *Hopkins v. Sun Crest Bottling Company, supra,* 228 S. C. 287, 89 S. E. (2d) 755.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.